EDWARD BANGS *vs.* ISAAC T. SMITH & others.

If a will makes specific provision for certain heirs at law of the testator and then by a general clause disposes of all the rest of his estate, such clause operates as an appointment in respect to land conveyed before the making of the will, on a consideration which moved from him, to be held upon a trust which secured to him the entire beneficial interest therein during his life, and power of appointment in respect thereof by will; although the legal title to such land never was in the testator, and there is other estate on which the residuary clause operates, and another clause gives to the executors power to sell any and all of the estate disposed of by the will.

BILL IN EQUITY to obtain instructions as to the disposition of property held in trust by the complainant. By the bill and answers these facts appeared: During the years 1855, 1856 and 1857, Ebenezer Smith caused to be conveyed to the complainant by Stephen P. Fuller and others certain parcels of land

" in trust, to hold the same to the use of said Smith and to permit the said Smith to take the rents and profits thereof, and from time to time upon the request of said Smith to convey such parcels of land and such parts and portions thereof as said Smith shall require, to him, said Smith, or to such person or persons as said Smith shall appoint to receive the same, and to permit said Smith to receive the consideration of said conveyances," and " in further trust, in case said Smith shall decease before the whole of said parcels of land shall be conveyed " by the trustee, " then, upon the decease of said Smith, to convey all the said lands which shall remain in said trustee's hands to such person or persons as said Smith shall appoint by his last will and testament to receive the same, and, in default of such appointment, to the heirs at law of said Smith." In 1860 Smith caused to be conveyed to the complainant by a deed from Luther L. White another piece of land, taking back a declaration of trust, wherein the complainant " declared that he held said land for the benefit of said Ebenezer Smith, and covenanted and agreed to and with said Ebenezer, his heirs and assigns, that he would at any time thereafter, upon the request of said Ebenezer or his heirs or assigns, and after being reimbursed by him or them all expenses incurred by reason of said trust, convey the same to him or them." In 1864 Smith died, leaving a will dated October 5 of that year, which was duly proved and allowed in the month ensuing. In this will a legacy of two hundred dollars was given to the testator's son Ebenezer, if alive ; and legacies of five hundred dollars each were given to the two children of the testator's deceased daughter Harriet; and then the testator gave to his wife " one third part of all the residue and remainder of the property, both real and personal, which I may leave at my decease," and directed " all the rest of my property, real and personal, which I may leave at my decease, to be divided into three equal portions and paid over " to Isaac, Eliza and Sarah, his three remaining children. At the time of the death of the testator, the complainant was seised of the legal title, as trustee, in and to certain of the parcels of land above enumerated as previously conveyed to him in trust; and the

will contained no devise or appointment concerning them other than as above recited. The testator gave to the executors power to sell and convey " any and all of the estate, real or personal, which I may leave at my decease;" and they requested the complainant to convey to them said parcels. Besides said parcels, there was a large estate left by the testator to which the residuary clauses above recited applied. The testator was at no time seised of the legal title in the lands conveyed to the complainant by Fuller and others; but the consideration of such conveyances moved from him. Of the land conveyed to the complainant by White the testator was once seised of the legal title, and while he was so seised said land was sold for non-payment of taxes, and was bid in by White; and the consideration for the conveyance from White moved from the testator. The executors, residuary devisees and heirs at law of the testator were made parties to the bill.

The case was reserved by *Gray*, J., for the determination of the full court.

*G. W. Baldwin*, for the children of Harriet. 1. The question is, whether the trusts raised by the conveyances of Fuller and others fall within the rule of *Amory* v. *Meredith*, 7 Allen, 397, and *Willard* v. *Ware*, 10 Allen, 263. In both those cases the trust estates were originally property of the testator, and were by him conveyed to the uses recited; and the rule in both, so far as regards evidence of intention, is limited to cases where the residuary devise must be presumed to include, in the testator's understanding of the language used, property which had been his own and of which he retained absolute power to dispose. But here the only interest the testator ever had in the disputed estates was as *cestui que use* with the power of appointment, under conveyances from third parties from whom he derived his interest and by whom the power of disposition was created. His heirs could only take by purchase. *Blagge* v. *Miles*, 1 Story, 442. In those former cases, in event of failure of appointment, the heirs would still have taken by descent. In this case there was manifest intent to give the heirs rights which they would not otherwise have had, and provision was made that they should

take the property subject only to the testator's right of appoint-ment. On Smith's death, the lands were to be conveyed, " in default of such appointment, to the heirs at law," not " upon his death intestate " as in *Amory* v. *Meredith.* They were held in trust for the heirs at law, subject to the testator's right to revoke such trust by will. See *Stone* v. *Hackett,* 12 Gray, 227. There was other estate on which the residuary clauses could operate. Besides, the will gives the executors power to sell " any or all of the real or personal estate which I may leave," contemplating evidently a sale of all the estate covered by it, and a distribution of the proceeds. But these trust estates could not be sold by the executors, which is an index that the testator did not mean that they should pass by the will. 2. In respect to the trust raised by the conveyance of White, no power of appointment was given. It was as if the condition of the trust were " to convey the lands to Smith at his request, and, upon his death, all the remaining lands to his heirs at law."

*J. C. Crowley,* for the executors and residuary devisees.

BIGELOW, C. J. We think it clear that the testator intended that the will should operate on the property held by the trustee subject to the power of appointment provided by the indentures of trust under which the legal title was vested in him. It ap-pears that the testator had the entire beneficial interest in all the property so held in trust. The whole income was to be paid to him during his life, and the *jus disponendi* was vested in him. It cannot be doubted that the testator intended to dispose of all of his property by will which could pass by devise or bequest. He makes specific provisions by legacies for a son and two grandsons, and, after giving one third of the residue to his wife, he disposes of the other two thirds by a general residuary clause. Looking at these provisions, it seems to us to be much more reasonable to suppose that he intended that the property of which the trustee held only a bare legal title for the sole use and benefit of the testator subject to appointment by his last will should pass under it, than that he intended to leave it to his heirs at law as undevised property. The specific provisions which he carefully made for certain of his heirs at law, de-

priving them of any large share in his property under his will exclude the conclusion. that he did not intend the residuary clauses to operate on the property held in trust under the indentures. The case seems to us to fall within the doctrines stated in the recent cases of *Amory* v. *Meredith,* 7 Allen, 397, and *Willard* v. *Ware,* 10 Allen, 263.

The property held by the trustee under the deed from White, not being subject to a power of appointment by the testator, must be disposed of according to the declaration of trust on which the complainant holds the legal title.

*Decree accordingly.*