JAMES S. CUMSTON & others *vs.* ELIZA D. BARTLETT
& others.

Suffolk.   January 29, 1889. — May 11, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Devise — Residuary Clause — Execution of Power.*

, ι general residuary devise will operate as an execution of a power to dispose of
property by will, unless there is something to show that such was not the testa-
tor's intention.

ι testator, by his will, after devising the " M. H. estate, that is, all of my interest
therein," proceeded to recite a power given him to dispose of his interest in that
estate, which was held in trust and of which he had the income for life, and
added that he disposed of his interest in that estate by virtue of that power;
and in the next clause he devised " all the rest, residue, and remainder of my
estate, both real, personal, and mixed, of which I shall die seised and possessed,
or to which I shall be entitled at my decease," but did not mention a like power
to dispose of a similar interest in two other estates.   The testator had other
property upon which the residuary clause would operate.   *Held,* that the testa-
tor's interest in the other two estates passed under the residuary clause.

BILL IN EQUITY, filed October 12, 1888, by the executors and
trustees under the will of Charles L. Smith, against the trustees
and beneficiaries under the will of Stephen Smith, for instruc-
tions.   Hearing before *W. Allen,* J., who reserved the case for
the consideration of the full court, in substance as follows.

Stephen Smith, who was the father of Charles L. Smith, died
on April 14, 1875, leaving a will, which was duly admitted to
probate, containing the following provisions:

" All of the rest, residue, and remainder of my estate, both
real, personal, and mixed, of which I shall die seised and pos-
sessed, or to which I shall be entitled at the time of my decease,
I give, devise, and bequeath as follows, that is to say: I direct
that the same be divided into four equal parts as nearly as may
be.   Three of said four parts I give, devise, and bequeath to my
four children: Mrs. Eliza D. Bartlett, wife of John B. Bartlett,
Adeline A. Allen, wife of Wm. Henry Allen, Charles L. Smith,
and Edward F. Smith, in equal proportions, share and share
alike, to have and to hold the same to them, their heirs, and
assigns forever, excepting and provided that my said son, Ed-
ward F. Smith, shall have twenty-five thousand dollars less than

each of the other said children, that sum having been already advanced to him in his business. I give, devise, and bequeath the remainder, said fourth part, to said Charles L. Smith and John L. Lothrop, of Somerville, Mass., physician, to them, their heirs and assigns, and the survivor of them, his heirs and assigns, but nevertheless in trust, to be managed and improved, with power to sell and convey any part of the same, and reinvest the avails thereof, and to change any investment at any time, to collect the income, and, after deducting a reasonable compensation for their services as trustees, to pay over and divide the same, the said net income, equally among my said children, share and share alike, and to the survivor or survivors of the same, for and during their natural lives, in the event of either dying without issue then alive, and without a will disposing of his or her share of the principal estate, as hereinafter provided.

" It is my will that each of my said children shall have the right and power to dispose by will of his or her share, to wit, one fourth part of the said fourth part, as they may see fit; and in case such disposition is made of the same, the trustees are to convey the same accordingly, discharged of all trusts; but in case either shall die without such will, leaving issue then alive, his or her share shall be paid and conveyed by said trustees to the issue so left.

" In case all my said children shall die leaving no issue and without a will disposing of their shares, as hereinbefore provided, then it is my will that the said fourth part, or what may then remain thereof, go and be paid to my legal heirs, the same as if then inherited by them of me."

The one fourth part of the estate of Stephen Smith set apart, under the above clause of his will, consisted of three parcels of real estate in Boston : the Minot Hall estate, so called, situated on the corner of Washington Street and Springfield Street; an estate on Brookline Street; and another on West Canton Street. John L. Lothrop and Charles L. Smith were duly appointed trustees under the will of Stephen Smith, and continued to act together as such until the death of Lothrop, subsequently to which Charles L. Smith continued to act as sole trustee in the management of the above named estates, until he died on March 18, 1888, when new trustees thereof were appointed. Charles L.

Smith, who had never married and had no children, left a will, which was duly admitted to probate, and which, after providing among other things for an annuity for his aunt, Temperance L. Howes, and that the persons named as trustees should be executors, contained the following provisions:

" 2. The Boston Five Cents Savings Bank holds a mortgage for thirty-five thousand dollars, given by me as trustee, on the property known as Minot Hall, situated at the corner of Washington Street and Springfield Street in said Boston. My will is that this mortgage debt be paid off out of my estate as soon as may be conveniently after my decease, and the mortgage discharged. I then give and devise the said Minot Hall estate, that is, all of my interest therein, to James S. Cumston, Wm. Henry Allen (my brother-in-law), and Stephen S. Bartlett of said Boston, but nevertheless in trust, as follows, viz.: My father, Stephen Smith, by his last will and testament, dated March 4th, A. D. 1875, and duly probated in the Probate Court for the County of Suffolk, gave and devised one of the four parts into which the residue of his estate named in said will was divided, to myself and John L. Lothrop, and the survivor of us, in trust for the purposes and with the powers specified and set forth therein. Said Lothrop having died, I have been managing and holding the trust estate under said devise of my father as the surviving trustee. By virtue of the power given by my father in said will to his children to dispose by will of his or her portion or share, I wish and do give and devise my share and interest in the said Minot Hall estate, held by me as trustee, and in which I have as an individual one fourth interest under the said will, with a power of disposal as aforesaid, to the said Allen, Cumston, and Bartlett, named as trustees as above, to be held, managed, and improved, with power to sell and convey the same, and reinvest the avails thereof, the sale being either at public auction or at private sale as they deem best, and with power to change any investment at any time, the net income realized to be paid and divided equally among my brother and sisters, such as may survive me, share and share alike, and to the survivor or survivors of them, for and during their natural lives, in the event of their dying without issue, that is, without children then living, and without a will disposing of his or her share of the

principal estate, as hereinafter provided. It is my will that each or either of my brother and sisters shall have, and I hereby give each of them, power to dispose of his or her share or portion of the principal estate hereby devised in trust as they may see fit, by a last will and testament, and in case this is done, then the same is to be conveyed accordingly, discharged of all trust created by this will, the rest of the said property to remain subject to the trust so long as the others may survive. But in case either shall die without a will disposing of his or her share as aforesaid, leaving children then surviving, his or her share of the principal estate shall be paid and conveyed by the trustees then acting to such child or children discharged of all trusts, share and share alike if there be more than one child, the trust continuing as to the balance of the property so long as either my brother and sisters may live.

" 3. All the rest, residue, and remainder of my estate, both real, personal, and mixed, of which I shall die seised and possessed, or to which I shall be entitled at my decease, I give, devise, and dispose of as follows, viz.: It is to be divided into twelve equal parts as nearly as conveniently may be. Two of these parts I give and devise to my nephew William Lothrop Allen on his reaching the age of thirty years; should he die before arriving at that age, then these two parts are to go and be conveyed to his mother. Three of the said parts are to go and be paid to my nephew Stephen Smith Bartlett upon his reaching the age of thirty years, and should he die before arriving at that age then the said three parts are to go and be paid or conveyed to his mother. The said nephews are each to be allowed to have, and are to be paid, the net income of their said respective parts or portions after my decease, and from the time when the division is made as aforesaid in settling my estates, until they shall respectively arrive at the said age of thirty years, if they live so long. The other seven parts are given and devised to the said James S. Cumston, Wm. Henry Allen, and Stephen S. Bartlett, as trustees, for the uses, purposes, and with the powers following, to wit: They are to hold the same in trust, manage and improve the same, with power to sell and convey the same at private sale or public auction, to invest the avails thereof, and to change investments at any time, or to mortgage the

same for the purposes of the trust, if need be, and out of the net income thereof they are to pay, first, to my cousin, George L. Stafford, yearly the sum of five hundred (500) dollars, in equal quarter-yearly payments; next, the annuity of one hundred dollars a year to my said aunt, Temperance L. Howes, as provided hereinbefore, the same being paid semiannually in equal instalments, and being made a charge only upon the said seven parts. The rest of the said income is to go and be paid to or for the benefit and support of my brother, Edward F. Smith, and his children. The trustees for the time being are to divide and pay the same to or for the benefit of my said brother and his children, in such sums, and in such a way and manner, and at such times, and for such purposes, as they in the exercise of their best discretion may see fit and deem best, for and during the natural life of my said brother, having the right and power at any time, in their discretion, to withhold all or any part of the income from my said brother, and pay and use the same to or for the benefit of his children, and also having the right and power in the exercise of their discretion to withhold any part of the income from either of his children, and to pay the same, or use the money, for the benefit of such other of the children as they see fit, and in such a way as they deem best, the whole matter of the division and expenditure of the money for the use and benefit of my said brother and his children during his life being committed to the full control and discretion of the trustees. Upon the decease of my said brother, leaving children surviving him, it is my will that the principal estate of the said seven equal parts, and all the accumulations thereof then remaining, shall go, subject to the said annuity charge, to his children living at the time of his decease, in equal shares. His or her portion of the income is to be paid to each, until they arrive respectively at the following ages, to wit, the boys thirty years, and the daughters twenty-five years, and when they shall arrive at these ages respectively, or as fast as they do, his or her share shall then be paid to them; that is, their share of the principal sum, discharged of all trusts. It is however provided, that if any of the children of my said brother living at his decease shall not arrive at the said required age for the enjoyment of his or her share of the principal sum

discharged of all trusts within twenty-one years after the death of my said brother, then all such shall have and receive and be entitled to his or her portion, discharged of all trusts, at the expiration of that period. In speaking of the children of my said brother under this trust, I mean to include only the children by his present wife, and to exclude such as he may have, if any, by any other wife, should the present one die and he marry again. In case of any of the children of my said brother dying after his decease, and before they become of the requisite age as aforesaid to be entitled to their share of the principal sum, and without children living, then his or her share shall go and be paid to and divided among the surviving brothers and sisters, share and share alike, standing thereafter the same as their other respective portions under this clause of my will."

The two daughters of Stephen Smith, who still survive, contended that the interest of Charles L. Smith in the estates on Brookline Street and West Canton Street did not pass by the residuary clause of his will, but remained to be administered by the estate created under the will of Stephen Smith.

The legatees and beneficiaries under the residuary clause of the will of Charles L. Smith contended that his interest in such estates had passed under such residuary clause, and was to be administered for their benefit.

Under the residuary clause of Charles L. Smith's will, besides the property in question, in which his share was of the value of $5,000 only, property passed of the value of $55,000.

*F. Ranney*, for the daughters.

*J. F. Colby*, for the legatees and beneficiaries under the will of Charles L. Smith.

C. ALLEN, J. The general rule is now well established in this Commonwealth, that a general residuary devise will operate as an execution of a power to dispose of property by will, unless there is something to show that such was not the testator's intention. *Amory* v. *Meredith*, 7 Allen, 397. *Willard* v. *Ware*, 10 Allen, 263. *Bangs* v. *Smith*, 98 Mass. 270. *Sewall* v. *Wilmer*, 132 Mass. 131. The third article of the will of Charles L. Smith contained a general residuary devise, and the only question is whether there is anything sufficient to show that he did not thereby intend to execute the power given to him by the

will of his father. The matters chiefly relied on to negative such intention are, that he never had owned the property of which he had a right of disposition, that he did own other property which would be covered by the residuary devise, and that in the residuary devise he did not refer in terms to the power, while in the second article of his will he did expressly refer to and recite it.

The fact that he never had owned the property is not of much importance. The same fact existed in *Bangs* v. *Smith* and *Sewall* v. *Wilmer*, above cited. The fact that he owned other property upon which the residuary devise would operate, is one which would usually occur, and is of no controlling weight. The fact that he expressly referred to and recited the power in article two, and omitted all mention of it in article three, is of more significance, and may well raise a doubt as to the testator's real intention; but even that is open to the suggestion that, having fully stated the power once, he did not think it necessary to do so again. It is to be observed that in disposing of the Minot Hall estate in article two, he at first speaks of it as if it was his own property. He says, "I then give and devise the said Minot Hall estate, that is, all of my interest therein." After this, he proceeds to recite the power given in his father's will, authorizing him to dispose of the one fourth interest whereof he was to have the income for life, and adds, that by virtue of the power thus given he makes disposition of his share and interest in the Minot Hall estate. Having thus dealt with the Minot Hall estate, he went on in article three to devise "all the rest, residue, and remainder of my estate, both real, personal, and mixed, of which I shall die seised and possessed, or to which I shall be entitled at my decease." He spoke of the Minot Hall estate in the first place as if it were his own; he afterwards spoke of his share and interest therein, and then he went on to dispose of all the residue of his estate of which he should die seised and possessed, or to which he should be entitled at his decease. The fact that the Minot Hall estate thus spoken of just before was his own only in a qualified sense, carries with it some implication that his disposition of the residue was intended to include all property which was his in the same sense.

The language used by the testator in reference to the Minot

Hall estate is an illustration of the reason which has led to the establishment of the general rule which now prevails in England (St. 7 Will. IV. & 1 Vict. c. 26, § 27), as well as here, that where one has the use and income of land during life with a power of disposition after death, it is natural for him to consider and treat it as his own property. Nobody else has any control over it or interest in it, provided he chooses to exercise his power of disposition. It seems more probable that this was the testator's view, in making his residuary devise. Certainly nothing is found in article three, taken by itself alone, to show that he did not intend to include all the property which he had a right to dispose of; and not enough appears in the whole will, with the facts and circumstances disclosed, to take the case out of the general rule.

*Ordered accordingly.*