JOHN T. HASSAM *vs.* MARSHMAN W. HAZEN & others.

Suffolk.　January 28, 1892. — February 26, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Devise — Residuary Clause — Execution of Power.*

A general residuary devise will operate as an execution of a power to dispose of property by will, unless there is something to show that such was not the testator's intention.

BILL IN EQUITY, filed on September 30, 1890, by the trustee under the will of Lydia L. Dawes, against Marshman W. Hazen, residuary legatee of the will of Adaline L. E. Barnes and the heirs at law of Adaline Barnes and Rachel E. Washburn, for instructions.

Lydia L. Dawes died on July 9, 1867, leaving a will, which was duly admitted to probate, containing the following provisions:

" I give, devise, and bequeath to my said husband, Henry Dawes, his heirs and assigns forever, my estate in Hanover Street in said Boston, being now numbered three hundred and sixty-three on said street, being the same premises described in a certain indenture of trust dated December 4th, A. D. 1845, recorded with Suffolk Deeds, Lib. 555, fol. 87. To have and to hold the same to him, my said husband, his heirs and assigns forever, in trust nevertheless for the following uses and purposes, to wit: in trust to let and manage the same as he may think best, without any dictation or interference whatever, and to pay over the net rents and income of the same, quarter-yearly, to my niece, Adaline L. E. Barnes (daughter of my sister Adaline Barnes) during her natural life, hereby giving to my said niece full power to devise said estate by will at her decease to such person or persons as she may elect. But if my said niece should decease without having legally devised the same by her will, then and in that case I give, devise, and bequeath the same in equal parts to my two sisters, Adaline Barnes and Rachel E. Washburn, their heirs and assigns forever.

" I hereby authorize and empower my trustee above named, or such other trustee or trustees as may be legally appointed

in his stead, to sell and convey as he or they may deem most expedient, either at public auction or private sale, either or both of the above named estates and to invest the proceeds of such sale or sales in real estate or mortgages on real estate, such proceeds so invested to be held to and for the same uses and purposes as above devised."

Adaline L. E. Barnes died on May 12, 1890, leaving a will duly admitted to probate, which contained no reference to the property in question, and concluded with the following clause : " All the rest, residue, and remainder of my estate, both real and personal, I give, devise, and bequeath to Marshman W. Hazen, to his heirs and assigns forever, and I hereby appoint him executor of this instrument, without bonds."

The bill concluded by alleging that a question had arisen whether or not the will of Adaline L. E. Barnes was a sufficient execution of the power of disposing of the trust fund conferred upon her by the will of Lydia L. Dawes, and that on this question a controversy had arisen between the executor and residuary legatee of said Adaline L. E. Barnes on the one hand, and the heirs at law of Adaline Barnes on the other hand.

Decree in this court in favor of the executor and residuary legatee of the will of Adaline L. E. Barnes ; and J. Cullen Ayer and E. Corrinna Wheeler, two of the heirs at law of Adaline Barnes, appealed.

*N. W. Ladd & C. H. Drew*, for defendants Ayer and Wheeler.

*L. A. Jones*, for the trustee.

FIELD, C. J.   An attempt has been made to distinguish this case from *Amory* v. *Meredith*, 7 Allen, 397, *Willard* v. *Ware*, 10 Allen, 263, *Bangs* v. *Smith*, 98 Mass. 270, *Sewall* v. *Wilmer*, 132 Mass. 131, and *Cumston* v. *Bartlett*, 149 Mass. 243, but the distinctions pointed out do not seem to us to affect the rule established by those cases.   In *Cumston* v. *Bartlett*, 149 Mass. 243, 248, it is said in the opinion : " The general rule is now well established in this Commonwealth, that a general residuary devise will operate as an execution of a power to dispose of property by will, unless there is something to show that such was not the testator's intention."   In *Sewall* v. *Wilmer*, 132 Mass. 131, 134, it is said in the opinion : " But in this Commonwealth the decisions in England since our Revolution and before the St. of

7 Will. IV. & 1 Vict. c. 26, § 27, have not been followed; the court has leaned toward the adoption of the rule, enacted by that statute as to wills thereafter made in England, namely, that a general devise or bequest should be construed to include any real or personal estate of which the testator has a general power of appointment, unless a contrary intention should appear by his will," etc.   The order must be,

<i>Decree affirmed.</i>