BOSTON SAFE DEPOSIT AND TRUST COMPANY, trustee, *vs.* EVA W. PAINTER & others.

Suffolk.    November 6, 1947. — February 4, 1948.

Present: QUA, C.J., DOLAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Power.    Devise and Legacy,* Power.    *Conflict of Laws.*

The question, whether a testamentary power of appointment, given in the will of a testator who died domiciled in this Commonwealth, was duly exercised by the will of the donee, who died domiciled in another State, must be determined by the law of this Commonwealth.

In applying the canon of construction that a general residuary clause in the will of the donee of a general testamentary power of appoint-

ment will operate as an exercise of the power unless a contrary intent is shown, a ruling that the power was not so exercised is justified only where substantial reasons exist for believing that the testator intended not so to exercise it.

Examination of the entire will of the donee of a general testamentary power of appointment given him by the will of the donor did not show substantial reason for believing that the donee had not intended to exercise the power by a general residuary clause in the first sentence of an article of his will, although the second sentence of that article contained an express exercise of a general testamentary power of appointment given him under an inter vivos trust created by the same donor and although the donee never had owned or come into enjoyment of the property to which the power under the will of the donor related.

PETITION, filed on June 19, 1945, in the Probate Court for the county of Suffolk by the trustee under the will of Costello C. Converse, late of Boston, for instructions.

The case was heard by *Wilson,* J.

*J. E. Rogerson,* stated the case.

*A. N. Hunt,* (*R. A. Hunt* with him,) for the respondent Painter.

*L. Dana,* for N. Leonard, guardian ad litem.

*W. J. Speers, Jr.,* (*M. Chapin* with him,) for the respondent Edna E. Dumas.

QUA, C.J.   The petitioner as trustee under article Eighth of the will of Costello C. Converse, late of Boston, seeks the instruction of the court as to whether a testamentary power of appointment given in that article to Ellison Converse Boggs, otherwise known as Ellison Boggs, late of Miami Beach, Florida, was duly exercised by a residuary clause in the will of said Ellison Converse Boggs.

The question is to be determined by the law of this Commonwealth, where the creator of the trust and of the power was domiciled, and not by the law of Florida where the donee of the power was domiciled. *Sewall* v. *Wilmer,* 132 Mass. 131, 135–138. *Boston Safe Deposit & Trust Co.* v. *Prindle,* 290 Mass. 577, 581. *Pitman* v. *Pitman,* 314 Mass. 465, 470.

By article Eighth of his will Costello C. Converse left to the petitioner the sum of $100,000 in trust to pay the net income to his niece Emma C. Boggs during her life and

after her death to pay the net income to her son Ellison Converse Boggs during his life and "at the death of the survivor of them" to pay over the principal "to such person or persons and in such manner as he, the said Ellison, shall by his last will in writing appoint." In default of such appointment, if Ellison Converse Boggs left no issue, as was the fact, the principal was to be added to the principal of another trust under article Ninth of the will of Costello C. Converse for the benefit of the respondent Painter, who was an aunt of Ellison Converse Boggs, for her life and thereafter for the benefit of her daughters.

Emma C. Boggs, the original life beneficiary under article Eighth, survived her son Ellison Converse Boggs, who was named as succeeding life beneficiary, and died in 1944. Ellison Converse Boggs died in 1940. In 1935 he made the will, the residuary clause in which is contended to be an exercise of the power given him under article Eighth of the will of Costello C. Converse. In 1935 Ellison Converse Boggs was the life beneficiary of another trust, also originally of $100,000, of which the petitioner was trustee. This last mentioned trust had been created by Costello C. Converse by indenture executed in his lifetime in 1929. By its terms Ellison Converse Boggs had a general testamentary power of appointment of the principal.

The will of Ellison Converse Boggs, executed in 1935, and admitted to probate after his death in 1940, contained in article First a provision for the payment of his debts and funeral expenses. The first sentence of article Second read, "I give, devise and bequeath all of the rest, residue and remainder of my property of whatsoever kind and nature of which I shall die seized and possessed or may thereafter become a part of my estate unto my wife Edna Eckley Boggs if she be living at the time of my death." In the second sentence of this article the testator expressly exercised in favor of his wife the power of appointment which was his under the indenture of 1929. He made reference to that indenture and provided that his wife might elect whether she should take the entire balance remaining in the trust or should accept payments therefrom in the

manner in which they had theretofore been made. In succeeding articles of the will of Ellison Converse Boggs there were provisions to take effect in case his wife did not survive him, but nowhere in the will was there any express mention of the power given to Ellison Converse Boggs by article Eighth of the will of Costello C. Converse, although Boggs had been informed of the existence of that power. He had about $12,000 worth of property of his own outside of either trust. He left no issue. His wife survived him and is a respondent in this proceeding.

The Probate Court held that the residuary clause in article Second of the will of Ellison Converse Boggs was an effective exercise in favor of his wife of his power of appointment of the principal of the trust under article Eighth of the will of Costello C. Converse. Parties who would be interested under article Ninth of that will in default of a valid appointment under article Eighth appeal.

If this case were to be decided upon the theory that in order to exercise the power under article Eighth of the will of Costello C. Converse it was necessary for Ellison Converse Boggs to insert in his will some reference to that power and some expression of his intent to exercise it, we should of course be required to hold that the power had not been exercised. But in *Amory* v. *Meredith*, 7 Allen, 397, this court deliberately and for reasons considered sufficient departed from that theory, which was in substance the theory generally held, and adopted instead the rule of construction previously established by statute in England that "a general devise of real or personal estate . . . should operate as an execution of a power of the testator over the same, unless a contrary intention should appear on the will." 7 Allen, at page 400. The court took this step because it was of opinion that the rule generally prevailing is "likely, in a majority of cases, to defeat the intention it is designed to ascertain and effectuate." 7 Allen, at page 400. It is true that in *Amory* v. *Meredith* mention was made of the fact that the donee of the power had previously owned the property in question and had the beneficial use of it as well as the power of disposal — facts which are absent in the

present case, since it does not appear that Ellison Converse Boggs had ever owned the property forming the trust fund under article Eighth of the will of Costello C. Converse and, owing to the accident of his death before that of his mother, he never came into the enjoyment of it, although he did have a vested remainder in the income upon the decease of his mother as well as a general power of appointment of the principal. But we do not understand that in adopting the rule of the English statute the court intended to insist upon a condition, not contained in the statute, that the donee of the power should have previously owned or enjoyed the property. Such a condition would limit the usefulness of the rule. Because the facts of previous ownership and enjoyment were present in *Amory* v. *Meredith* and made it a little easier to conclude that the donee did not intend not to exercise the power, it was natural to refer to them. Similar facts have been adverted to in other cases and in appropriate instances may have some weight. See *Willard* v. *Ware*, 10 Allen, 263, 267; *Bangs* v. *Smith*, 98 Mass. 270, 273; *Sewall* v. *Wilmer*, 132 Mass. 131, 134–135; *Talbot* v. *Field*, 173 Mass. 188, 194; *Howland* v. *Parker*, 200 Mass. 204, 207. But in many other cases since *Amory* v. *Meredith* it has been stated without qualification to be a canon of construction that a general residuary clause will operate as an execution of a general testamentary power, unless a contrary intent is shown. Numerous cases are collected in the footnote.[1]

This canon of construction is a recognition of the fact that a general power of appointment which may be exercised in favor of the donee or his estate is a close approximation to a property interest (*Garfield* v. *State Street Trust*

---

[1] *Cumston* v. *Bartlett*, 149 Mass. 243, 248. *Hassam* v. *Hazen*, 156 Mass. 93. *Fiske* v. *Fiske*, 173 Mass. 413, 418. *Stone* v. *Forbes*, 189 Mass. 163, 168, 169. *Tudor* v. *Vail*, 195 Mass. 18, 26. *Thompson* v. *Pew*, 214 Mass. 520, 523. *Russell* v. *Joys*, 227 Mass. 263, 267. *Shattuck* v. *Burrage*, 229 Mass. 448, 450. *Ames* v. *Ames*, 238 Mass. 270, 275. *King* v. *Walsh*, 250 Mass. 462, 466. *Harvard Trust Co.* v. *Frost*, 258 Mass. 319, 322. *Butler* v. *New England Trust Co.* 259 Mass. 39, 44. *Worcester Bank & Trust Co.* v. *Sibley*, 287 Mass. 594, 598. *Boston Safe Deposit & Trust Co.* v. *Prindle*, 290 Mass. 577, 581. *Slayton* v. *Fitch Home, Inc.* 293 Mass. 574, 578. *Old Colony Trust Co.* v. *Allen*, 307 Mass. 40. *Gorey* v. *Guarente*, 303 Mass. 569, 575. *Pitman* v. *Pitman*, 314 Mass. 465, 474.

*Co.* 320 Mass. 646, 656) and can well have been intended to be comprehended within words adapted to the passing of a property interest. Many States have established a similar rule by statute. See Restatement: Property, § 343, comment d. One of the advantages of a residuary clause in a will is that it embraces any property or interest in property which the testator may own, even though he does not have it expressly in mind, or even though he does not know that he owns it. The canon of construction under discussion causes the residuary clause to operate in the same manner upon powers of appointment. Under this canon the inquiry is not whether the will shows affirmatively an intention to exercise the power. The inquiry is whether the will shows affirmatively an intention not to exercise the power. In the interest of certainty and uniformity the canon should be consistently applied, and the general power should be held not to have been exercised by a residuary clause only where substantial reasons exist for believing that the testator intended not to exercise the power.

We do not discover sufficiently substantial reasons in this case. The facts that the donee of the power had not at any time owned the property or actually enjoyed the income from it do not appear to us of great significance. When he made his will in 1935 he might, so far as appears, reasonably have expected in the course of nature to survive his mother and to enjoy the income. The chief difficulty arises from the fact that in the same article Second of the will of Ellison Converse Boggs which contains the residuary clause in favor of his wife there appears an express exercise in her favor of the testator's power under the indenture of 1929, but there is no express mention of the power under article Eighth of the will of Costello C. Converse. There was, however, some reason for special mention of the power under the indenture in that Boggs, as he states in his will, desired his wife to have an option either to take the entire balance of the principal of the trust fund created by the indenture or to accept payments from time to time as they had previously been made to him. In *Boston Safe Deposit & Trust Co.* v.

*Prindle,* 290 Mass. 577, importance was attached to a mention of powers of appointment in one clause of a will and the failure to mention them in another, but other important considerations entered into the decision, particularly the fact that the clause claimed to be a residuary clause as to personal property was thought by the court, because of its peculiar wording, to have been intended primarily "to take care of odds and ends of tangible effects" rather than to exercise powers of appointment. See 290 Mass. at pages 580, 583–584. On the other hand the canon of construction was applied in *Cumston* v. *Bartlett,* 149 Mass. 243 (not cited in *Boston Safe Deposit & Trust Co.* v. *Prindle*), where the donee had mentioned the power in a devise of one property, but had not mentioned it in the residuary clause by which, it was held, other property passed under the power. In that case, as in the case at bar, the donee had still other property of his own upon which the residuary clause could operate; but that fact was not deemed of controlling weight. The canon was applied in somewhat similar circumstances in *Tudor* v. *Vail,* 195 Mass. 18, 26. And it has been held in England that the express exercise of one power did not prevent the residuary clause from operating as an exercise of another power. *In re Stokes,* [1922] 2 Ch. 406. See *Lake* v. *Currie,* 2 DeG., M. & G. 536. The same result is reached in Pennsylvania which has a statute similar to the English statute. *Provident Trust Co.* v. *Scott,* 335 Pa. 231, 235–236. *In re Barton Trust,* 348 Pa. 279, 283. An intent on the part of Ellison Converse Boggs not to exercise by the residuary clause of his own will his power of appointment under article Eighth of the will of Costello C. Converse would involve an intent on his part not to give the principal of a trust fund of $100,000 to his wife but to let it go instead to relatives no nearer than an aunt and cousins, although, so far as appears, he was on good terms with his wife and left to her everything else that he possessed or controlled.

We have carefully examined the entire will of Ellison Converse Boggs. We think that the mention of one power and the failure to mention the other and all the circumstances in this case taken together are not enough to indicate

affirmatively that he did not intend his residuary clause to have the usual effect of exercising in favor of his residuary legatee all general powers of appointment that he had. See *Gorey* v. *Guarente,* 303 Mass. 569, 575; *Old Colony Trust Co.* v. *Commissioner of Internal Revenue,* 73 Fed. (2d) 970.

· Costs and expenses of this appeal are to be in the discretion of the Probate Court.

*Decree affirmed.*