NETTIE R. HOGLE AND OTHERS, RESPONDENTS, *v.* HERBERT M. HOGLE AND OTHERS, APPELLANTS.

*Declarations by a testatrix of her intention, competency of — evidence of an intent to execute a power of appointment—the objection, that an infant was not properly served with a citation, is not cured by proof of the appointment of a special guardian.*

In an action brought for the purpose of obtaining the construction of a will, declarations of the testatrix were admitted to show that she intended to execute a power of appointment.

*Held,* that such declarations were incompetent.

The will of Peter R. Hogle gave two-thirds of his property in trust for his wife Mary A. Hogle during life, with power to the wife to dispose of the same as she might choose by will. The wife survived him and made her will by which, after giving some legacies, she disposed of some household furniture for the use of certain grandchildren, and also the use of all the residue of her property of every descrip-tion for the maintenance of said grandchildren during their minority. There

was no evidence that, aside from the household furniture, Mary A. Hogle had any considerable property.

*Held,* that the general bequest, although not referring to the power, was a strong indication of the intent to execute the power unless the contrary was shown, and that it must be presumed that, in this case, the testatrix intended to execute the power given to her by the will of her husband, as otherwise there was no property on which the general demise and bequest could operate.

It was objected on the trial, by one of the grandchildren, when the will of Mary A. Hogle was offered in evidence, that he had not been served with a citation, and it appeared, subsequently, that the citation was served by leaving a copy with the mother of such grandchild, then a minor under fourteen years of age, that consent was given by one Harder to become special guardian of the infant; that an order was made appointing him such special guardian, and that a decree admitting the will to probate was made by the surrogate.

*Held,* that, as the infant was not legally served, the appointment of a guardian *ad litem* did not cure the defect, and he had a right to insist on this trial that he was not concluded by the probate of the will.

APPEAL by defendant Lillie F. Harder, guardian *ad litem* of Herbert M. Hogle, from a judgment entered upon the decision of a referee construing the will of Mary A. Hogle, deceased, in connection with the provisions contained in the will of Peter R. Hogle, deceased, her husband.

The plaintiffs are the grandchildren of Peter R. and Mary A. Hogle, the children of their deceased son Jacob, and the defendant Herbert M. Hogle is also their grandchild and the only child of another deceased son.

*Gardenier & Harder,* for the appellants.

*Van Alstyne & Hevenor,* for the respondents.

LEARNED, P. J.:

In the case of *Charter* v. *Charter* (Law Rep., 7 Eng. and Irish. App., 364, affirming Law Rep., 2 Prob. and Div., 315), the question of extrinsic evidence in regard to wills was fully discussed. (1 Moak's Eng. Rep., 249 ; 12 id., 1.) It was held that evidence of the state, circumstances and habits of the family was admissible to aid in the construction of a will. That the only case in which evidence of the declarations of the testator could be received is where the description of the legatee or of the thing bequeathed is equally applicable in all its parts to two persons or to two things. We have cited this English case because it was very carefully consid--

ered; and while the opinions given in the House of Lords did not. agree in everything, they did agree as to the point above stated about declarations of the testator. If a testator gave a legacy to "my nephew, John Smith," and had two nephews of that name; or if a testator gave to a legatee "my black horse Tom" and had two black horses by that name, in each of those instances, according to that decision, declarations of the testator would be admissible. But only in such and similar cases. But in the present case declarations of the testatrix were admitted to show that she intended to execute a power of appointment. Such declarations were inadmissible. They do not come within the exception stated in that case,. even assuming that such exception is the rule in this State.

The same doctrine is distinctly stated in *White* v. *Hicks* (33 N. Y., 387; so, also, *Williams* v. *Freeman*, 83 id., 562). This error must make a new trial necessary, unless it shall appear that it could not have affected the result. The will of Peter R. Hogle gave two-thirds of his property in trust for his wife during life, with power to the wife to dispose of the same as she might choose by will. Mary A. Hogle, the wife, survived and made her will. By this,. after some small legacies, she gave some household furniture to Harriet A. Wolver "for the use of my grandchildren, Nettie R. Hogle, Wilmot Ernest Hogle and Bernice Hawthorn Hogle. Also the use of all the residue of my property of every description, for the maintenance of said children during their minority; the residue to be equally divided among said children when Bernice H. Hogle shall arrive at the age of twenty-one years." It should be noticed, also, that by the will of Peter R. Hogle, one-third of his estate was. given to his grandchild, Herbert M. Hogle, if he should reach twenty-one; if not, to his children. Nettie, Wilmot, Bernice and Florence V., were children of Jacob H.

There is no evidence that, aside from household furniture, Mary A. Hogle had any considerable property. She had claimed a life policy on her son Jacob H., but her claim was decided against. her. These seem to be substantially all the circumstances tending to aid in the construction of Mary A. Hogle's will

In the case of *Van Wert* v. *Benedict* (1 Brad., 114) it was held that wills devising and bequeathing all the real and personal property of the testator operate on lands and personalty embraced in a.

testamentary power, although the power be not recited or referred to. The surrogate relied, to some extent, on 1 Revised Statutes (737, §§ 124, 126), which applies this rule to land. This doctrine is laid down in 1 Redfield on Wills (chap. 6, § 32). The English statute (1 Vict., chap. 26, § 27) has enacted this rule of law. Chancellor KENT says, in his text, that if a will be executed without reference to a power, it operates as an appointment, provided it cannot have operation without the power. (4 Kent's Com., 335.) But, in a note to later editions, it is stated that it is the tendency of some American decisions to adopt the later English doctrine, without the statute. If we turn to section 126 of the Revised Statutes, above cited, we shall see that if the property in question had been real estate, it would have passed by the will of Mary A. Hogle. In *Bolton* v. *De Peyster* (25 Barb., 539, 562) the court said this rule should apply also to personal estate. In *White* v. *Hicks* (33 N. Y., 387) the court followed the same rule, influenced, however, partly by considering the amount of the property owned by the testatrix, and also the nature of the trust. In *Mott* v. *Ackerman* (92 N. Y., 539) the matter in litigation was real estate, but the trust embraced personal, and the court applying the statutory rule made no distinction. In *Warner* v. *Conn. M. L. Ins. Co.* (109 U. S., 357) the court adopt this rule and refer to several cases, among them to *Sewall* v. *Wilmer* (132 Mass., 131). That last-named case is interesting, because the testatrix executed her will in Maryland, and by the laws of that State it was admitted that the will would not have been a sufficient execution of the power. But the court held that in Massachusetts a general devise and bequest of all property, real and personal, of which the testator should die seized or possessed, was (or at least might be) a good execution of a power, notwithstanding the testator had property of his own on which the will might operate. (See, also, *Funk* v. *Eggleston*, 92 Ill., 515.) Of course, it is a question of the intention of the testator. But the tendency is evidently to hold that a general bequest, without reference to the power, is a strong indication of the intent to execute the power, unless the contrary be shown.

We see, then, that Herbert M., a grandson of Peter R., had had one third of his grandfather's estate. If Mary A. made no appointment, Herbert M. was to have another third, and the children of

Jacob H. the remaining third. Mary A. had the income of the two-thirds for her life, and was to support the children of Jacob H. It is said (though it does not very clearly appear) that she had $100, which, by her will, she gave to her sister. She disposed of her household furniture. She had no other property. It must be, then, that she intended to execute the power given by the will of Peter R. There was nothing else on which the general devise and bequest could operate. Herbert M. had received about $1,390 The two-thirds were about $2,700. She gave one-third of this to each of these children of Jacob H. We think, therefore, that her will executed the power.

Another question arises on a point of evidence. The will of Mary A. was offered in evidence, with the certificate of probate attached. Objection was made on the part of Herbert M. that he had not been served with a citation. Subsequently the defendant, Herbert M., introduced in evidence the proof of citation, which shows that it was served by leaving a copy with Lillie Harder, the mother of said Herbert, then a minor under fourteen. The decree of the surrogate and the proceeding show a consent of E. R. Harder to become special guardian of the infant, and the order appointing him such special guardian. Sections 2526 and 426 of the Code of Civil Procedure show how the citation should have been served. It was proved not to have been legally served on the infant, and, of course, the appointment of a guardian *ad litem* did not cure the failure to serve. (*Pinckney* v. *Smith*, 26 Hun, 524.) Proof of the due execution of the will might have been given on this trial, but this was not done. The defendant, Herbert M., had a right to insist on this trial that he was not concluded by the probate, to attend which he had never been legally cited. For this reason, there must be a new trial.

We are unable to see the necessity for this action. We do not understand why the surrogate could not have decreed distribution, and why he ought not to have done so, without causing the expense and delay of an action. It is now a year and a half since he stayed the proceedings in his court, and an expense of over $400 costs had been incurred up to the time of the judgment. This expense would have been saved to the estate if the surrogate had proceeded with the

distribution. No appeal was taken from his refusal to proceed In this view of the case, we grant no costs of appeal to either side.

The judgment should be reversed, new trial granted, without costs to either party; referee discharged.

LANDON and INGALLS, JJ., concurred.