LEE *v.* SIMPSON.

*(Circuit Court, D. South Carolina.* May 18, 1889.)

POWERS—EXECUTION.

Testatrix bequeathed property in trust to her daughter for life, and provided "that my daughter Anna is hereby authorized and empowered by her last will and testament, duly executed by her, to dispose of this bequest * * * as she pleases." The daughter, in her will, recited: "Whereas, I am entitled to legacies under the last will of my deceased mother, * * * and to a distributive share in the several estates of my deceased sister * * * and my brother," and devised "the entire property and estate to which I am now in any wise entitled, and which I may hereafter acquire, of whatever the same may consist, to my beloved husband." *Held,* that this was a valid execution of the power.

In Equity. On final hearing.

On May 13, A. D. 1854, Mrs. Floride Calhoun was seised and possessed of the plantation or tract of land situate, lying, and being in that part of Pickens district, which is now Oconee county, in the state of South Carolina, on the east side of Seneca river, known as the "Fort Hill Place," containing 1,110 acres, more or less; and on that day the said Floride Calhoun and her daughter, Cornelia M. Calhoun, sold and conveyed this plantation or tract of land, together with certain negro slaves and other personalty, to Andrew P. Calhoun for the sum of $49,000; Cornelia M. Calhoun having no interest whatever in the real estate so sold and conveyed. Andrew P. Calhoun duly executed his certain bond, under seal, to Floride and Cornelia, conditioned for the payment of $40,200 to Floride Calhoun, and the remaining $8,200 to Cornelia M. Calhoun, and to secure the payment of the bond representing the purchase money, and as a part of the same transaction, at the same time duly executed and delivered to Floride and Cornelia his certain conveyance, by way of mortgage, and thereby granted, bargained, sold, and re-

leased the plantation or tract of land upon the condition that if he should well and truly pay, or cause to be paid, the sums of money in the said bond mentioned to be paid, according to the true intent and meaning thereof, the conveyance should be null and void, otherwise to remain in full force and virtue. On the 27th day of June, A. D. 1863, Floride Calhoun duly made her last will and testament in writing, wherein and whereby, among other things, she devised and bequeathed as follows:

"*Second.* To my daughter Anna Maria, wife of Thomas G. Clemson, of Maryland, I give, devise, and bequeath during her life, and for her sole and separate use, the following property: My house and lot in Pendleton, and the land attached and belonging thereto, purchased by me from Mrs. William Adger, together with the furniture and everything in the house and upon the premises, reserving, however, the silver and such other articles as I may hereinafter specifically give to others; also all my jewelry, and the silver cup and prayer-book, presented to me by the church at Newport, Rhode Island. At Anna's death I devise and bequeath all the above-mentioned property to her daughter, Floride Clemson, and at the death of Floride, if she dies without issue, I devise and bequeath it to my sons John and William's children, then living, equally among them; or, if they be dead, to their issue then living. * * *" "(19) I am possessed still of a large residue of property, consisting principally of a debt due me by my son Andrew, for the purchase of Fort Hill, amounting to about forty thousand two hundred dollars, secured to me by bond and mortgage. I have also an unsecured interest in a gold mine in Dahlonega, Georgia, belonging to the estate of my late husband, and also an interest in the estate of my second son, Patrick, and second daughter, Cornelia, besides other property. Whatever real or personal property I may possess at my death, and not hereinbefore specifically or otherwise disposed of, I direct my executors to sell whenever they shall deem it advisable. I direct my executors to collect, as fast as possible, the above-mentioned residue of my estate, and, after paying off my debts and the legacy to Calhoun Clemson, the remainder I wish divided into four parts, which I dispose of as follows: (20) One part, being the fourth of the above residue, I give and bequeath to my daughter Anna during her life, and for her sole and separate use, and at her death I will and bequeath it to her daughter, Floride, and at Floride's death, if she die without issue, I will and bequeath it to the children of my deceased sons John and William, then living, equally among them, or to their issue, if they be dead, issue to represent the parents. The better to effect my intentions in regard to to the property in this and in the second clause, given to Anna, I appoint Edward Noble, of Abbeville, trustee for it, and vest in him the legal title. Should Anna at any time wish to sell the house and lands in Pendleton, or all or any portion of the property given to her for life, the trustee, provided it meets with his approval, is authorized to dispose of it according to the wishes of my daughter, upon having her written request for so doing. The proceeds of such sale the trustee shall hold subject to the trusts and limitations declared in reference to the original property. The trustee is authorized and required to invest the proceeds, and also the fourth part of the residue herein given to her, in such property or in such way as she may in writing direct, provided it meets with his approval. The trustee is authorized and required from time to time to change such investments as often as he may be directed so to do by my said daughter in writing, provided it meets with his approval, holding always the substituted property or reinvestments subject to the trusts and limitations aforesaid. If from death or any cause there is no trustee, or if Anna shall at any time shall desire to change her trustee, she shall have the power so to do, and to appoint another by any instru-

ment in writing, under seal, executed by her in the presence of two subscribing witnesses; and as often as she may desire to change her trustee she shall have the power so to do by observing the form and solemnity above described. (21) One-fourth part of said residue of my said estate I give and bequeath to my granddaughter, Floride Clemson; but if Floride should die without living issue, I give and bequeath it at her death to the children of my sons John and William, or the issue of them if they be dead, the issue to take by representation. (22) The remaining two-fourths I dispose of as follows: To Kate P. Calhoun, my daughter-in-law, I give and bequeath the one-half of the one-fourth of said residue of my estate, to be enjoyed by her during widowhood. At her death or marriage, whichever first happens, I give and bequeath the same to such of her children, being my grandchildren, as may then be alive. But should either of my said grandchildren die under twenty-one years of age, leaving no child or children, the share of such deceasing grandchild shall go to the survivors or survivor of them, or their issue, the issue representing the parent. If Kate should die before me, what I have given her in the will is not to revert to my estate, but is to go to her children, my grandchildren, living at my death, subject to the conditions and limitations above expressed. (23) The remaining fourth and half of a fourth of the above-said residue of my estate I give and bequeath to my grandsons, John C. Calhoun and Benjamin A. P. Calhoun, sons of my deceased sons John and William Lowndes Calhoun, child of my second son, William, equally among them; and, should either of them die under twenty-one years of age, leaving no issue, the share of such deceased child shall go to the survivor or survivors."

On the 22d day of January, A. D. 1866, Floride Calhoun duly made, published, and declared a codicil to her last will and testament, wherein, among other things, she revoked the devise of the real property in Pendleton, made to Anna Clemson, in the second paragraph of her last will and testament, and devised the same to other persons, and provided as follows·

"(2) By the nineteenth clause of the will I direct the said bond debt on my deceased son Andrew, secured by mortgage on Fort Hill, together with all other property possessed by me, and not before disposed of, to be collected by my executors, and the proceeds to be divided into four parts. One part I gave to Anna, one part to her daughter, Floride, and the other two parts to Kate and her children, as will appear by clauses 20, 21, 22, and 23 of the will. I desire now to change the disposition of the said bond and mortgage debt, and do now give and bequeath it in the following manner: Three-fourths of my interest in said bond and mortgage debt, amounting to about forty thousand two hundred dollars, I hereby give and bequeath to my daughter Anna M. Clemson, to be enjoyed by her under clause twenty of the will, and according to the provisions of that clause to vest in the same trustee, and to be subject to all the powers, trusts, conditions, and limitations of that clause precisely as the bequests therein made were subject to them, with this exception: that my daughter Anna is hereby authorized and empowered by her last will and testament, duly executed by her, to dispose of this bequest of three-fourths of said bond and mortgage debt as she pleases. If she does not thus dispose of it at her death, I give and bequeath it, the said three-fourths, to her daughter, Floride, and, should the said Floride die without leaving issue, I give and bequeath it at her death to her brother, Calhoun Clemson; but, nevertheless, Floride shall likewise have power to dispose of it at her death as she pleases, by a last will and testament duly executed by her. By clause 2d of the will I gave the furniture and every article of the property in my house in Pendleton, and upon the premises, with certain reservations, and also my jewelry

**and some** other small articles, to my said daughter Anna. I now confirm to her the bequests of aforesaid furniture, and all other personal property embraced in said 2d clause, which it is my will that she shall enjoy for life, as her sole and separate estate, and at her death I give and bequeath all this personal property to her daughter, Floride, absolutely. To Anna I also give and bequeath the oil portrait of my mother, which by clause 5th of my will I gave to my daughter-in-law Kate. (3) The remaining one-fourth part of my interest in said bond and mortgage debt against the estate of my deceased son Andrew I give and bequeath to Floride E. Clemson, my granddaughter; but if she dies without leaving issue I give and bequeath it to her brother, John Calhoun Clemson. She, nevertheless, is hereby authorized and empowered to dispose of said fourth part as she pleases by her last will and testament duly executed. * * * (4) Should my granddaughter Floride's death occur before mine, what I have given her in the will and codicil shall not fall into the residue of my estate, but I give and bequeath it to her mother, my daughter Anna, who shall take it subject to all the trusts, powers, and limitations imposed upon the direct bequest to her; and, should my daughter Anna's death occur before mine, what I have given her in the several clauses of the will and codicil shall not fall into the residue of my estate, but I give and bequeath the same to her daughter, Floride, who shall take and enjoy it as her mother would have done if living, subject to the same trusts, powers, limitations, and conditions; and should both Anna and Floride die before me, what has been given them in the several clauses of the will and codicil shall not fall into said residue, but I give and bequeath the whole to my grandson, John Calhoun Clemson. (5) Should I at any time collect the aforesaid bond and mortgage debt, or any part of it, or should Fort Hill be purchased with it, or the money be invested in any other property, or be retained in hand, the property thus purchased, the property thus obtained by investment, and the money thus retained, shall be considered and held to be in place of and the same as the aforesaid bond and mortgage, and shall pass under this codicil as if the same were still in the form of said bond and mortgage; that is to say, shall pass to my daughter Anna and granddaughter Floride, as aforesaid bond and mortgage debt is directed to be divided between them."

On the 12th day of March, A. D. 1866, Floride Calhoun and Thomas G. Clemson, to whom letters of administration had been granted in February, A. D. 1866, on the personal estate of Cornelia M. Calhoun, who had departed this life intestate, and unmarried, in that year, as administrator of the personal estate of said Cornelia, exhibited their bill in the court of equity for the district of Pickens, state of South Carolina, against Andrew P. Calhoun and others, for the foreclosure of the mortgage of the plantation or tract of land knows as the "Fort Hill Place," executed to secure payment of the bond aforesaid, and for the sale of the plantation for that purpose, and at the July term, A. D. 1866, of the court a decree was made whereby it was adjudged that the mortgage be foreclosed and the mortgage realty sold, which decree, on appeal, was affirmed by the supreme court of the state of South Carolina, and the cause remanded to the circuit court for further proceedings in accordance therewith. During the pendency of that suit, to-wit, on the 25th day of July, A. D. 1866, Floride Calhoun departed this life, leaving in full force her last will and testament, as modified by the codicil aforesaid, and thereafter, on the 7th day of August, A. D. 1866, the said last will and testament and codicil thereto were duly admitted to probate, and Edward Noble, one of the per-

sons mentioned as executors therein, duly qualified as such on the same day. In August, 1869, Floride E. Clemson intermarried with Gideon Lee, of the state of New York, and complainant, Isabella Lee, is the only child of the marriage, and on the 27th day of August, A. D. 1871, the said Floride E. Lee, formerly Clemson, died intestate, leaving surviving her, as her sole heirs at law and distributees, her husband, Gideon Lee, and her daughter, Isabella Lee. On the 29th day of September, A. D. 1871, Anna C. Clemson made her last will and testament, as follows:

"In the name of God, amen. Whereas, I am entitled to legacies under the last will of my deceased mother, Floride Calhoun, and to a distributive share in the several estates of my deceased sister, Cornelia Calhoun, and my brother, Patrick Calhoun, and, notwithstanding my coverture, have full testamentary power to dispose of the same: Now I, Anna Calhoun Clemson, the wife of Thomas G. Clemson, of the town of Pendleton, in the county of Anderson, and state aforesaid, being of sound and disposing mind, memory, and understanding, do make this my last will and testament in manner following: I will, devise, and bequeath the entire property and estate to which I am now in anywise entitled, and which I may hereafter acquire, of whatever the same may consist, to my beloved husband, Thomas G. Clemson, absolutely and in fee-simple; but should my husband, Thomas G. Clemson, depart this life leaving me his survivor, or should he survive me and then die intestate, in either event I will, devise, and bequeath my entire property and estate, as well as that which I may hereafter acquire, of whatever the same may consist, to my granddaughter, Isabella Lee, the child of Gideon Lee, of the state of New York, absolutely and in fee-simple. I hereby nominate and constitute Thomas G. Clemson executor of this my will."

On the 13th day of December, 1871, the said Thomas G. Clemson was substituted as trustee of Anna M. Clemson, under the will of Floride Calhoun, in the place and stead of Edward Noble, by the following instrument in writing:

"Whereas, by the will of the late Mrs. Floride Calhoun, of Pendleton, dated June 27, 1863, and by the codicil thereto attached, dated 22d January, 1866, the undersigned, Anna M. Clemson, her daughter, is entitled to considerable legacies, the legal title of which is by the will vested in Edward Noble, Esq., of Abbeville county, in said state, as trustee. By the twentieth clause of the will, confirmed by the second clause of the codicil, the testatrix provides for a change of trustee in the following manner, viz.: 'If from death, or any cause, there is no trustee, or if Anna at any time shall desire to change her trustee, she shall have the power so to do, and to appoint another by any instrument in writing, under seal, executed by her in the presence of two subscribing witnesses; and as often as she may desire to change her trustee she shall have the power so to do by observing the form and solemnity above described.' And whereas, the said will and codicil are in the office of the probate judge for said county of Anderson, having been duly probated on the 7th of August, 1866, and letters testamentary granted to the said Edward Noble, as executor, on same date: Now, be it known that, in accordance with the power in me vested by the above-recited passage of my mother's will, I, Anna M. Clemson, of the said county of Anderson, do hereby nominate and appoint my husband, Thomas G. Clemson, of Pendleton, Anderson county, as trustee, under the will, for the property therein bequeathed to me, and also for the property bequeathed me in the codicil, in the place and stead of the said Edward Noble, who desires to be relieved from the trust."

Executed in the presence of two subscribing witnesses, and the acceptance of the trusteeship by Mr. Clemson appended.

The proceedings for foreclosure against said Andrew P. Calhoun duly went to decree, Noble, executor, having been substituted as one of the complainants, under which the Fort Hill property was sold, and purchased by Thomas G. Clemson, January 1, 1872, and on June 10, 1875, title was made for the same in pursuance of order of court to said Thomas G. Clemson, as trustee of Anna M. Clemson, under the will of Floride Calhoun. . The consideration for said purchase and conveyance appears to have been the mortgage debt of Andrew P. Calhoun, and Mr. Clemson, it is alleged, also discharged legacies and demands to the amount of $6,964.93 in the purchase and redemption of said property. On the 5th day of November, 1873, a partition in kind was made of the said Fort Hill plantation between the said Anna M. Clemson and Thomas G. Clemson, as her trustee, on the one part, and the complainant and Gideon Lee, as her guardian, on the other part, by which one-fourth part thereof, amounting to 288 acres, was allotted and set off to complainant, and the remainder, amounting to about 814 acres, was allotted and set off to said Anna M. and Thomas G. Clemson, and complainant thereupon entered into possession of said parcel so allotted to her, and has ever since remained in possession thereof. On the 12th day of September, 1875, Anna M., otherwise known as Anna C. Clemson, died, leaving in full force, and unrevoked, her said last will and testament, bearing date September 29, 1871, which was duly admitted to probate, and from September, 1875, to the time of his death said Thomas G. Clemson remained in quiet, open, and continuous possession of said property, claiming to hold the same as his individual property in fee-simple. On April 6, 1888, Thomas G. Clemson departed this life, leaving in full force, and unrevoked, his last will and testament, bearing date the 6th day of November, A. D. 1886, together with a codicil thereto, bearing date the 26th day of March, 1887, which will and codicil were duly admitted to probate on the 20th day of April, 1888. In and by the said codicil the defendant, Simpson was named and constituted the sole executor of the said last will and testament, and the Fort Hill property was devised to him on certain trusts, fully set out therein, in virtue whereof said defendant entered into, and now remains, in possession of the said Fort Hill plantation. The bill was filed November 26, 1888, asserting title in complainant to the property in question, and asking a decree to that effect, and that defendant held the legal title in trust for her, and for injunction and accounting.

*J. P. Carey* and *Bachman & Youmans*, for complainant.

*Wells & Orr* and *Smythe & Lee*, for defendant.

Before FULLER, Chief Justice, and BOND and SIMONTON, JJ.

FULLER, Chief Justice, (*after stating the facts as above.*) In respect to jurisdiction, we are satisfied with the conclusions reached by the district judge when this cause came up on demurrer, and do not consider it necessary to add anything to the views then expressed. *Lee* v. *Simpson*, 37

Fed. Rep. 12. The main question for determination is, then, whether the property passed by the will of Mrs. Clemson as in due execution of the power under the will and codicil of Mrs. Floride Calhoun. By that will and codicil three-fourths of the testatrix's interest in the bond and mortgage of A. P. Calhoun was bequeathed to Mrs. Clemson for her sole and separate use during her life, the legal title being vested in a trustee, to be disposed of and the proceeds invested as she might direct, but to be held upon like trust, with power in her to change her trustee as she might desire; and she was also authorized and empowered to dispose of said bequest by will as she pleased, whatever form it had assumed, as by purchase of the Fort Hill property, or otherwise. The rule established by the weight of English authority prior to the statutes of 7 Wm. IV., and 1 Vict. c. 26, § 27, was that a will could not be held to be the execution of a power unless it referred to the power, or described the property subject to it, or would be inoperative if not acting upon such property; but the general rule in this country is more liberal, and the intention of the testator as the donee of the power to execute it, however manifested, whether directly or indirectly, positively or by just implication, is held to prevail, even though the will does not refer to the power, nor designate the property, and the donee has other property upon which the will may operate; so that "the question is in every case a question of the intention of the donee of the power, taking into consideration not only the terms of his will, but the circumstances surrounding him at the time of its execution, such as the source of the power, the terms of the instrument creating it, and the extent of his present or past interest in the property subject to it." GRAY, C. J., _Sewall_ v. _Wilmer_, 132 Mass. 134; _Warner_ v. _Insurance Co._, 109 U. S. 357, 3 Sup. Ct. Rep. 221. And a general devise or bequest may be construed as including real or personal estate, of which the testator has a general power of appointment, unless a contrary intention appears by or can be deduced from the will. _Funk_ v. _Eggleston_, 92 Ill. 515; _White_ v. _Hicks_, 33 N. Y. 383; _Blagge_ v. _Miles_, 1 Story, 427; _Andrews_ v. _Brumfield_, 32 Miss. 108. In _Blake_ v. _Hawkins_, 98 U. S. 315, 326, Mr. Justice STRONG, speaking for the court, said:

"On the other hand, if the will contains no expressed intent to exert the power, yet, if it may be reasonably gathered from the gifts and directions made that their purpose and object were to execute it, the will must be regarded as an execution. After all, an appointment under a power is an intent to appoint, carried out, and, if made by will, the intent and its execution are to be sought for through the whole instrument."

In _Bilderback_ v. _Boyce_, 14 S. C. 528, the supreme court of South Carolina expresses its concurrence with the rule followed in the English chancery, with the modification, indicated by Mr. Justice STORY in _Blagge_ v. _Miles_, _supra_, that if the intention to execute is, under all the circumstances, apparent and clear, so that the transaction is not fairly susceptible of any other interpretation, the execution should be sustained. By her will Mrs. Clemson declares herself "entitled to legacies under the last will of my deceased mother, Floride Calhoun," and to a

distributive share in the estates of her sister and brother, and to have, "notwithstanding my coverture, full testamentary power to dispose of the same," and she then proceeds to "will, devise, and bequeath the entire property and estate to which I am now in anywise entitled, and which I may hereafter acquire, of whatever the same may consist, to my beloved husband, Thomas G. Clemson, absolutely and in fee-simple." If, however, she survives him, or he, surviving, dies intestate, then the entire property and estate is devised and bequeathed to her granddaughter, the complainant.    The will is dated September 29, 1871, and upon the 13th of December following Mrs. Clemson exercised the power of appointing a new trustee; the instrument reciting that by the will and codicil of her mother, Mrs. Floride Calhoun, she "is entitled to considerable legacies, the legal title of which is, by the will, vested in Edward Noble, Esq., of Abbeville county, in said state, as trustee," and proceeding to appoint Thomas G. Clemson "as trustee under the will for the property therein bequeathed to me, and also for the property bequeathed me in the codicil," in the place of said Noble.    Clearly, the "legacies" to which Mrs. Clemson, by the instrument of appointment, stated she was "entitled," and of which she appointed her husband trustee, were the same legacies to which, by the will, she declared herself entitled, and which she thereby devised and bequeathed to him.    Having the right to the enjoyment, during life, of the property so held in trust, and the absolute power of disposing of it at her death, she treated it as being as much hers as the alleged distributive share; and, even if she possessed only a power over, and not an interest in, the property, it would be altogether too narrow and technical a construction, under the circumstances, to so limit the language, "I will, devise, and bequeath the entire property and estate to which I am now in anywise entitled, and which I may hereafter acquire, of whatever the same may consist," as to exclude the exercise of the power.    It is true that the mention of the distributive share allows it to be said that the instrument might have some effect by means of that interest, but this would not be all the effect the words import; and, if the intention to pass all can be discovered, it would seem that such intention ought to prevail.    2 Chance, Pow. p. 72, § 1597.    The intent to dispose of all the estate here is apparent upon the face of the will, and, as the will plainly refers to the property covered by the power, its words cannot be satisfied unless the instrument operates as an execution of the power.    Mrs. Clemson also asserted "full testamentary power to dispose of the same," "notwithstanding my [her] coverture," and it is ably argued by counsel that this assertion was made by way of emphasizing the fact that, shortly before, married women in South Carolina had been enabled to dispose of their property by will, and that therefore the assertion tends to sustain the contention that she regarded herself as dealing solely with property absolutely owned by her in her own right.    But as such statement would, in that view, have been wholly uncalled for, and this particular property could only be disposed of by Mrs. Clemson by will, while she could alienate her own property in any way she chose, the more reasonable inference seems to

us to be that she referred to the power of disposition given by her mother's testament, rather than to her legal capacity. In short, we think that, in addition to the reference to the property which was the subject of the power, there is reference to the power itself, and upon the whole case we can entertain no doubt that it was the intention of Mrs. Clemson to dispose of the property in question by her last will and testament, and that this intention was carried out in due execution of the power. The result, therefore, is that the bill must be dismissed, **and it is so ordered.**

BOND and SIMONTON, JJ., concurred.