ROBERT F. FISKE, trustee, *vs.* LEONTINE L. FISKE
& others.

LEONTINE L. FISKE *vs.* ROBERT F. FISKE, trustee,
& another.

SAME *vs.* ROBERT F. FISKE, trustee.

Suffolk.    March 20, 1899. — May 19, 1899.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Trust Deed — Waiver by Widow of Provisions of Husband's Will — Effect of Waiver on Appointment by Will under Provision of Deed.*

A., who lived in a foreign country and had an attorney here, executed and delivered a quitclaim deed of certain land here to his mother, who had a dower interest therein, and later his wife, who was living apart from him and prosecuting a suit for divorce against him, released her dower in the land. Subsequently the mother conveyed the property by a deed of trust to the attorney, who accepted the trust, which was to manage the property and from the income thereof to pay all charges; to pay one third of the net income to the grantor during life, and two thirds of the income to A. during life; to pay the net income after her death to A. during life, and to convey the estate absolutely, upon A.'s death, to the person or persons whom he might by his last will designate, and in default of such designation to convey the estate to his heirs at law. The deed also contained a power to the trustee to sell and change the investment, and provided that "it is to be understood that the said A. is to have the absolute right to dispose of the trust estate by will, whatever the form, at any time, whether real or personal." Several years later, the mother made a quitclaim deed of the same property to A., in which she recited that it was free from any encumbrances made or suffered by her. *Held*, that the trust deed was valid.

A widow, who has waived, under Pub. Sts. c. 127, § 18, the provisions of her husband's will in her favor, cannot avail herself of a provision for her in the will which operates as an appointment of property under a trust deed.

THE FIRST CASE was a petition to the Probate Court, by the trustee under the will of Frank C. Fiske, for instructions; and,

upon appeal to this court, was reserved, with the consent of all parties, by *Hammond*, J., for the consideration of the full court. THE SECOND CASE was a petition to the Probate Court by the widow of Frank C. Fiske, praying that certain real estate of which he died seised might be set off to her in fee under Pub. Sts. c. 124, § 3; and came by appeal to this court. THE THIRD CASE was a bill in equity, filed in this court by the widow of Frank C. Fiske, against the trustee under his will, to set aside a conveyance of property in trust, and to obtain a conveyance of the same to the plaintiff. The last two cases were heard together by *Hammond*, J., and, at the request of the parties, reserved for the consideration of the full court; such decree to be entered in each case as law and justice might require. The facts appear in the opinion.

*B. L. M. Tower*, (*E. O. Hiler* with him,) for the first defendant in the first case.

*E. M. Johnson*, (*H. M. Burton* with him,) for the plaintiff in the second and third cases.

*R. W. Hale*, (*F. W. Grinnell* with him,) for the defendants other than the first in the first case, and for the defendants in the second case.

KNOWLTON, J. These three cases relate to the claim of Leontine L. Fiske, hereinafter called the plaintiff, to a lot of land with a dwelling-house and the appurtenant buildings upon it, and they were heard together in this court. The property formerly belonged to her husband, Frank C. Fiske, subject to a right of dower in his mother, Helen M. Fiske. Frank C. Fiske resided in Boston, but for many years before his death he spent most of his time in Paris, France, living on the income of his property, without regular business or occupation. He intrusted the management of his property and business in Massachusetts to his uncle, William W. Clapp of Boston, who was in constant correspondence with him. On January 12, 1888, he executed and delivered by said Clapp, as his attorney, a quitclaim deed of the property now claimed to his mother, Helen M. Fiske. At that time his wife, Katharine R. Fiske, lived apart from him, and was prosecuting a suit for divorce against him. The evidence leaves no doubt that his purpose in making this deed was to put the property where it would not be easy for his wife to avail herself

of it, if she prevailed in her suit. On March 14, 1888, Katharine R. Fiske released her dower in the land, and on December 8, 1890, a divorce having been granted, Leontine L. Fiske was married to the said Frank C. Fiske. On September 7, 1888, Helen M. Fiske conveyed the property by a deed of trust to William W. Clapp, who knew of the deed, and, as the evidence tends to show, accepted the trust. After that the property was taxed to him as trustee, and he paid the taxes thereon, upon bills in which it was so assessed, with money obtained from Helen M. Fiske, until after the death of Frank C. Fiske. The trust on which Clapp held the property under this deed was, in the language used by the grantor, as follows: " 1. To take, use, rent, and manage said property, and from the income thereof to pay all taxes, assessments, insurance, and needed repairs and improvements thereon. 2. To pay one third the net income thereof to me during my life, and two thirds the net income thereof during my life to my son, the said Frank C. Fiske. 3. After my death to pay the net income thereof to my said son, Frank C. Fiske during his life. 4. Upon the death of my said son, to convey said estate absolutely to the person or persons whom he may by his last will designate, or in default of any such designation by will, to convey said estate to his, the said Frank C. Fiske's heirs at law by right of representation, according to the statutes of distribution of real estate of intestate persons that may be in force in the Commonwealth of Massachusetts at the time of the decease of the said Frank C. Fiske." The deed also contained a power to the trustee to sell and change the investment, with a provision in regard to the distribution of the property in case it should be changed from real estate to personal, which ended with these words : " It is to be understood that the said Frank C. Fiske is to have the absolute right to dispose of the trust estate by will, whatever may be the form, at any time, whether real or personal." The said Helen M. Fiske spent most of her time in Europe for many years before her son's death. On March 1, 1893, she made a deed of quitclaim of the same property to Frank C. Fiske, in which she recited that it was free from encumbrances made or suffered by her. Frank C. Fiske died on May 17, 1894, leaving a will, which was duly filed in the Probate Court for the County of Suffolk on July 5, 1894, and on

October 26, 1894, the plaintiff waived the provisions of the will in her favor. By this will he devised and bequeathed all his property that might be left after the payment of his debts to Robert F. Fiske, his executor and trustee, with directions to pay the income thereof to his wife, Leontine L. Fiske, during her life. He made provision for his issue after her death, if he should leave any, and directed his trustee, if he should leave no issue surviving him, to pay over the principal to his uncle, Francis S. Fiske, if he should then be living, and if he should be dead, then to his children and the issue of any deceased children by right of representation. The testator died leaving no issue.

On July 8, 1897, after the death of William W. Clapp, Redington Fiske of Newton was appointed trustee under the deed of Helen M. Fiske, of September 7, 1888, in the place of said Clapp; and on September 2, 1897, he filed a petition in the Probate Court for the County of Suffolk, asking for instructions in regard to the administration of his trust. To this petition the present plaintiff filed an answer, admitting the existence of the trust in Redington Fiske, and contended that her husband had exercised the power of appointment in her favor, and that her waiver of the provisions of the will did not affect her right in the estate as the appointed beneficiary, and asked that he be directed to convey the estate to Robert F. Fiske as trustee, in order that the income might be paid to her during her life. The court directed a conveyance of the property to Robert F. Fiske as trustee under the will, without prejudice to the rights of any claimant of the income held by Robert F. Fiske under the trust.

On December 29, 1897, Robert F. Fiske, as trustee, filed a petition in the Probate Court for the County of Suffolk, asking for a construction of the plaintiff's waiver of the provisions of the will in reference to its effect upon her rights in this property and his duties as trustee. On this petition a decree was entered that, by reason of the waiver of the provisions of the will, the plaintiff had no rights in the property held in trust by Robert F. Fiske. From this decree the plaintiff appealed. The case was then reported to this court, and it is one of the three now under consideration. On August 24, 1898, the plaintiff, contending that the conveyance of September 7, 1888, was void,

and that the property belonged to her husband absolutely at the time of his death, filed a petition in the Probate Court asking that this real estate might be set off to her in fee under the provisions of Pub. Sts. c. 124, § 3. This petition was dismissed, and the petitioner's appeal from the decree of dismissal is another of the cases now under consideration.

The plaintiff has also filed a bill in equity setting forth these facts, and also that she was ignorant of some of the facts when she participated in some of the earlier proceedings, and asking that the conveyance of September 7, 1888, be declared void, and that Robert F. Fiske, the present holder of the title, be ordered to convey the property to the plaintiff in recognition of her statutory right as the widow of Frank C. Fiske. This is the third of the cases now before us.

The first question raised in the order of proceedings is whether this trust deed is void. It is contended by the defendant in the suit in equity that this question is *res judicata*, inasmuch as the plaintiff admitted the validity of the deed by her answer, and a decree was entered giving effect to the deed, which has not been appealed from. We do not find it necessary to consider this contention, for we think it quite plain, upon the evidence, that the deed is valid. The deed of January 12, 1888, to Helen M. Fiske gave her a good title as between her and the grantor. It was an absolute conveyance without a reference to any trust. If there was a trust declared orally, the absence of a writing left it unenforceable. The purpose for which the deed was made was fraudulent as against creditors, and as against his wife, who was then attempting to obtain a divorce. *Livermore* v. *Boutelle,* 11 Gray, 217. *Chase* v. *Chase,* 105 Mass. 385. The grantor could not afterwards recover the property back. *Freeland* v. *Freeland,* 102 Mass. 475, 477. *Wall* v. *Provident Institution for Savings,* 3 Allen, 96. Moreover, the trust deed which the plaintiff attacks bears evidence of having been intended by the grantor to be as beneficial as possible to her son consistently with the preservation of her own rights of dower. We have no doubt that she made it in good faith and with an honest purpose. Whether her subsequent deed was intended merely as a release of her dower, or whether she or her son, either or both of them, in their absence in Europe, intrusting the management of their affairs to others,

had forgotten the exact state of the title, is immaterial. The trust deed takes precedence, and there is no evidence in the case on which it can properly be set aside. It follows that the bill in equity must be dismissed.

The other question which arises in both cases is whether the plaintiff, having waived the provisions of the will, can avail herself of the appointment contained in it. That the will operates as an appointment of this property under the decisions in Massachusetts, there is no doubt. *Amory* v. *Meredith*, 7 Allen, 397. *Sewall* v. *Wilmer*, 132 Mass. 131, 134. *Cumston* v. *Bartlett*, 149 Mass. 243. *Hassam* v. *Hazen*, 156 Mass. 93. Moreover, it is established in this case by a decree of the Probate Court in a suit to which the plaintiff was a party. Without the will there would be no appointment, and if there were no appointment the property would not be administered as a part of her husband's estate after his death. but would go to his heirs at law by the terms of the deed. The statute under which the plaintiff filed her waiver provides that a widow may waive " any provisions the husband may have made for her in his will," and may claim " such portion of his estate as she would have been entitled to if he had died intestate." Pub. Sts. c. 127, § 18. In this will a very important provision for the widow is the appointment of this property to the trustee with a gift of the income of it to her for life. It is none the less a provision made for her in the will that it includes an appointment of property which does not belong to the testator, and which in theory of law, when the appointment takes effect, passes under the original instrument of conveyance. Under the instrument, the testator has an absolute right to control the property by an appointment by will, and the appointment is a necessary part of the provision which the will makes for her. The provision through the appointment cannot be separated from the other provisions in her favor, so that she can retain the one and waive the other. The statute does not authorize the waiver of some of the provisions made for a widow in a will, and the retention of others. It is a general rule of law that one who elects to take any benefit under a will must abide by its provisions in all its parts. *Thellusson* v. *Woodford*, 13 Ves. 209, 220. *Bristow* v. *Warde*, 2 Ves. 336, 350. *Frank* v. *Standish*, 15 Ves. 391, *n.* *Cooper* v. *Cooper*, L. R. 7 H. L. 53. See also *Farnum* v. *Bryant*, 34 N. H. 9.

If we inquire under the other branch of the statute to what portion of her husband's estate she would have been entitled if he had died intestate, we reach the same result.   She would have been entitled to no part of this property, for it was no part of her husband's estate after his decease, and in default of an appointment by will it would have passed under the trust deed to his heirs at law.   The decree of the Probate Court in each of the appealed cases was correct.

*Bill dismissed, and decrees of Probate Court affirmed.*