NATHANIEL PAINE, trustee, *vs.* HARRY H. PRICE & others.

Worcester. September 28, 29, 1903. — November 25, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Will. Power. Probate Court. Jurisdiction.*

Under R. L. c. 135, § 9, excepting from revocation by marriage so much of a will as is made in the exercise of a power of appointment, unless the property thus disposed of would pass in default of appointment to the persons who would have been entitled to it if it had belonged to the donee of the power and he had died intestate, in a case where in default of such appointment a fractional part of the property appointed would have gone to the donee of the power, the exercise of the power by the will of the donee is revoked by marriage as to such fractional part and stands unrevoked as to the remaining portion of the property appointed.

The question, whether an appointment by will is revoked by the marriage of the donee of the power, does not involve the validity of the will, and is not affected by a declaration concerning it in a decree of a probate court allowing the will.

BILL IN EQUITY, filed January 30, 1903, in the Probate Court for the county of Worcester, by the trustee under the will of George A. Trumbull, late of Worcester, for instructions.

On appeal the case came on to be heard before *Barker, J.,* who, at the request of the parties, reserved it upon the petition, the answers and the agreed facts for determination by the full court.

The agreed facts were as follows:

George A. Trumbull left a will admitted to probate on December 1, 1868, containing the following provisions:

"Fifth. I give the sum of five thousand dollars to be paid out of my estate immediately on the decease of my wife aforesaid, in case my daughter Susan shall be then living, but not

otherwise, to my said sons George C. and Joseph in trust and to and for the following uses and purposes, and no other, to wit: to receive, invest and reinvest the same, and to pay over the net income thereof semi-annually after deducting all current expenses and charges, to my daughter Susan, and at her decease to dispose of the principal sum as she shall, by her last will direct; or if no such will shall be presented for probate within six months after her decease, then said principal sum to go with the residue of my estate, as hereinafter specified.

" Sixth. As an evidence of my love and gratitude for her unceasing efforts to promote my happiness and welfare I give to my said wife the income for her life of all the personal and real estate I may die possessed of, not otherwise bequeathed, said property at her decease to be equally divided between my sons George C., Joseph, Charles P. and John, my daughter Susan and Isabella F. and my grand daughter Mary Louisa Trumbull Cogswell, as representing her deceased mother."

Susan Trumbull, daughter of George A. Trumbull, made a will dated May 1, 1894, before her marriage but not in contemplation thereof, and after its execution in 1902, married Harry H. Price. The executrix named in her will petitioned the Probate Court for the county of Worcester for the probate of the will, and that court made thereon the following decree on December 30, 1902: " It is therefore decreed that said instrument be approved and allowed as the last will and testament of said deceased, to have full force and effect as such so far as the same can operate in law or in equity upon any and all property real and personal subject to her disposal by way of appointment under the will of George A. Trumbull late of said Worcester, deceased, or otherwise, and it further appearing that said testatrix married the said Harry H. Price since the execution of said will and that said will was not made in contemplation of such marriage, it is decreed that said will was thereby revoked except as to all real and personal property subject to her disposal by way of appointment. William T. Forbes, Judge of Probate Court." From this decree no appeal was taken.

One paragraph in the will of Susan Trumbull Price was as follows: " To my niece Mary Louisa T. Cogswell, I give and bequeath the legacy of five thousand ($5,000) dollars given me by

my father George A. Trumbull, said sum now in the hands of Winslow S. Lincoln, trustee."

Nathaniel Paine, the petitioner, was appointed the trustee, under the fifth clause of George A. Trumbull's will, to succeed former trustees, and brought this bill for instructions as to the disposition of the $5,000 referred to in the wills of George A. Trumbull and Susan Trumbull Price against the husband, the next of kin, and the administrator of Susan Trumbull Price and against Mary L. T. Cogswell named in the above paragraph of the will of Susan Trumbull Price and who also was one of her next of kin.

On this petition the Probate Court made the following decree on March 19, 1903: " it appearing that notice according to the order of the court has been given to all parties interested and that George S. Taft as administrator aforesaid [of the estate of Susan Trumbull Price], Harry Hamilton Price and Mary L. T. Cogswell have appeared and answered to said petition it is ordered that said petition be taken for confessed against all respondents who have failed to answer and after due hearing and consideration the court doth decree that Louisa C. Trumbull, widow of said George A. Trumbull, having deceased, the entire principal of said trust estate held by said trustee as set forth in said petition, together with the income thereof since the death of Susan Trumbull Price belongs to the respondent, Mary L. T. Cogswell, free from all trusts, and said trustee, Nathaniel Paine is hereby ordered to forthwith pay over to said Mary L. T. Cogswell the whole of said trust funds."

From this decree George S. Taft, administrator, appealed.

Mary L. T. Cogswell, one of the respondents, claimed the whole of the fund, amounting to over $7,000, by virtue of the paragraph above quoted from the will of Susan Trumbull Price and of the decree of the Probate Court thereon, claiming that the paragraph was made in the exercise of the power of appointment, and constituted a valid appointment of the whole of the fund to Mary L. T. Cogswell, according to the provisions of R. L. c. 135, § 9.

George S. Taft, administrator of the estate of Susan Trumbull Price, claimed one seventh of the fund as assets of the estate of Susan Trumbull Price on the ground that one seventh would,

without the appointment, have passed to the persons who would have been entitled to it, if Susan Trumbull Price had died intestate, within the meaning of the statute.

*T. H. Gage, Jr.*, for Price.

*T. G. Kent*, for Mary L. T. Cogswell.

*G. S. Taft*, administrator, *pro se.*

*A. H. Bullock*, for the trustee, appeared, but made no argument and filed no brief.

LORING, J.   So far as a will is the exercise of a power of appointment, it is excepted from the act declaring that a marriage shall act as a revocation of a will not made in contemplation of it.   The reason for this exception is that the donee of a power, in making an appointment, is acting for the donor in disposing of the donor's property.   But where the property in question goes in default of appointment to those who would have been entitled to it had it been the property of the donee of the power and he had died intestate, a case arises where the property to be disposed of by the appointment is for all practical purposes the property of the donee of the power, and for that reason it is taken out of the exception and left within the operation of the act.   R. L. c. 135, § 9.

In the case at bar the one undivided seventh which in default of appointment went to Susan Trumbull, afterwards Mrs. Price, comes within the modification of the exception and is revoked by her marriage.   We see no difficulty in holding that the effect of the statute (now R. L. c. 135, § 9,) is to revoke the appointment so far as it operates on property which in default of appointment belongs to the donee of the power, and at the same time in holding that it is unrevoked so far as it operates on property which in default of appointment goes to strangers.

The question whether the appointment by will is revoked by the subsequent marriage of the donee of the power is a question arising as to the exercise of the power, not as to the validity of the will.   For that reason it is not concluded by the terms of the decree of the Probate Court in allowing the will in question.

*Decree reversed.*