HERBERT E. YERXA & another, executors, *vs.* HELEN I. YOUNGMAN.

Middlesex.     November 15, 1921. — April 15, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Will. Power. Words,* "Heirs."

A testator by his will provided that certain shares of stock should be held for the benefit of one of his three daughters and upon her death should be transferred "to whomsoever she may by will appoint, or in the absence of a will to her heirs at law." The daughter made a will, not in contemplation of marriage, in which she exercised the power of appointment in favor of her brother and sisters. She afterwards married and, without making a later will, died without issue leaving a husband and her brother and sisters surviving. *Held,* that

(1) By G. L. c. 190, § 1, the husband was a statutory heir and thus a legal heir of his wife's estate;

(2) Under G. L. c. 191, § 9, the exercise, in a will made not in contemplation of marriage, of a power of appointment over property, which the donor of the power provided should go to the heirs at law of the donee in the absence of appointment by will, is revoked by the subsequent marriage of the person making the will. Following *Paine* v. *Price*, 184 Mass. 350;

(3) The exercise of the power in the will was revoked.

PETITION, filed in the Probate Court for the county of Middlesex on March 22, 1921, for the proof and allowance of the will of Sarah Yerxa Mower, otherwise known as Sarah E. Yerxa, late of Cambridge.

The petition was heard by *Leggat*, J., upon agreed facts, which are described in the opinion. By order of the judge a decree was entered disallowing the will; and Helen I. Youngman, a sister of the testatrix and a legatee named in the will, appealed.

*H. R. Bailey*, (*D. Kimball* with him,) for the appellant.

*A. F. Johnson*, for the surviving husband of the testatrix.

*I. R. Clark*, *N. B. Vanderhoof* & *A. E. Little*, for the executors, submitted a brief.

CARROLL, J. Henry D. Yerxa died January 21, 1919. He left a will and codicil which were duly admitted to probate. Surviving him were a son, Herbert E. Yerxa, and three daughters, Sarah E. Yerxa, Helen I. Youngman and Marion S. Barnard. Said Herbert E., named in the will and codicil of his father, was appointed trustee in February, 1919, and as such became the holder of three thousand shares of the common stock of the Cobb, Bates and Yerxa Company, one thousand shares of which were held for the benefit of Sarah E. Yerxa, and by the terms of her father's will, "said stock [to] be transferred to whomsoever she may by will appoint, or in the absence of a will to her heirs at law." On June 24, 1920, Sarah E. Yerxa, being unmarried, made the will which is now offered for probate. In it she exercised the power of appointment in favor of her brother and sisters. The will was not made in contemplation of marriage. On November 11, 1920, she was married to Martin Mower. She died on March 15, 1921, without issue, her husband surviving her, and she made no later will or codicil. At the time of her death her brother held one thousand shares of common stock in trust for her. The will of Mrs. Mower was offered for probate; in the Probate Court it was decreed that said instrument be not approved as her last will and testament, and the petition for its allowance was dismissed. Helen I. Youngman appealed. It was agreed that all of the will of Mrs. Mower, except so much thereof as purports to be an exercise of her power of appointment, is revoked by her subsequent marriage. As to the exercise of the power of appointment, the parties do not agree.

G. L. c. 191, § 9, provides: "The marriage of a person shall act as a revocation of a will made by him previous to such marriage, unless it appears from the will that it was in contemplation thereof. If the will is made in the exercise of a power of appointment and the real and personal property subject to the appointment would not, without the appointment, pass to the persons who would have been entitled to it if it had been the estate and property of the testator making the appointment and he had died intestate, so much of the will as makes the appointment shall not be revoked by the marriage." This statute was interpreted in *Paine* v. *Price,* 184 Mass. 350, where at page 353 Mr. Justice Loring, speaking for the court, says: "So far as a will is the exercise of a power of appointment, it is excepted from the act declaring that a marriage shall act as a revocation of a will not made in contemplation of it. The reason for this exception is that the donee of a power, in making an appointment, is acting for the donor in disposing of the donor's property. But where the property in question goes in default of appointment to those who would have been entitled to it had it been the property of the donee of the power and he had died intestate, a case arises where the property to be disposed of by the appointment is for all practical purposes the property of the donee of the power, and for that reason it is taken out of the exception and left within the operation of the act. R. L. c. 135, § 9." The stock of the Cobb, Bates and Yerxa Company which was held in trust for Mrs. Mower was to be transferred to whomever she by will appointed, or, in the absence of a will, it was to pass to her heirs at law. If the property over which she had the power of appointment would, on her death without the exercise of that power, pass to those who were strangers or would not take by inheritance from her, the portion of the will making the appointment was not revoked by the marriage; but if the property passed to those entitled to her estate on her death if the appointment was not made, then the will was revoked by the marriage. The will of Henry D. Yerxa provided that in the absence of a will by Mrs. Mower, her interest in the stock should go to her heirs at law. She left no issue, and if her husband, Martin Mower, is one of her heirs at law, he shares in her estate, the entire will was revoked by the marriage and the decree of the Probate Court was right.

"The word 'heirs,' both in its ordinary and its technical signification, denotes those who take a person's real estate by inheritance upon his death. When the word is used in wills, it is construed as having this meaning unless the context and the circumstances under which it is employed indicate a different purpose. . . . The heirs at law of Charles W. Howland at the time of his death in 1916 were his widow and his next of kin by blood. . . . The wife was a statutory heir and thus a legal heir as well as his kindred of blood." *Sherburne* v. *Howland,* 239 Mass. 439. By R. L. c. 140, § 3, G. L. c. 190, § 1, the husband is a statutory heir and thus a legal heir of his wife's estate. *Lavery* v. *Egan,* 143 Mass. 389. *Peabody* v. *Cook,* 201 Mass. 218, 220. The shares of stock over which Mrs. Mower had the power of appointment would go, in default of such an appointment, to her heirs at law, and as her husband is one of her heirs, the exercise of the power in her will, which was not made in contemplation of marriage, is revoked.

The fact that the donee of the power was not the owner of the stock, and that the power of appointment to Mrs. Mower was simply a delegation to her of authority to act for the donor in the disposition of his property, although in equity this property might be considered assets, so as to be subject to the demands of her creditors (see *Fiske* v. *Fiske,* 173 Mass. 413, 419; *Harmon* v. *Weston,* 215 Mass. 242; *Shattuck* v. *Burrage,* 229 Mass. 448, 451), does not affect the force and meaning of the statute declaring that in default of the exercise of the power, where property passes to the heirs at law of the donee, the part of the will exercising the power, if made by one who subsequently marries, is revoked by the marriage, and this is so, although the property passes under the will of the donor of the power to the heirs at law of the donee who has failed to make the appointment. *Paine* v. *Price, supra.*

We have not found it necessary to discuss the English cases cited by the appellant, dealing with the St. 7 Will. IV & 1 Vict. c. 26, § 18. We are considering a statute of this Commonwealth, which has already been interpreted by this court, and that interpretation must stand. The case at bar is governed in every respect by *Paine* v. *Price, supra.* The parties are bound by that decision. On principle and authority the will of Mrs. Mower was

revoked by her marriage and the decree of the Probate Court must be affirmed.

*So ordered.*