ANNA THEODORE *vs.* STEPHEN E. THEODORE & another (and a companion case between the same parties).

Norfolk. May 6, 1969. — June 26, 1969.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Fraudulent Conveyance. Husband and Wife,* Fraudulent conveyance. *Trust,* Validity.

Petitions by a widow contending that real estate trusts established by her husband after he and she had separated were "shams" created for the purpose of defrauding her and should be determined to be "void as to her [widow's] rights" must be dismissed where, although it appeared that the husband during his lifetime had been the sole beneficiary and in full "control" of the trusts, there was no evidence that he individually had ever owned any of the real estate held by the trusts or had ever transferred any property to them directly or indirectly.

Two PETITIONS filed in the Probate Court for the county of Norfolk on February 1, 1965.

The cases were heard by *Reynolds, J.*

*Richard J. Cotter, Jr.,* for the respondents.

*Jules E. Angoff* for the petitioner.

SPIEGEL, J. These are two petitions in equity brought in the Probate Court by the widow of one Savvas E. Theodore. One petition is against the executors of his estate and against the trustees of the "Theodore Family

Trust." The other petition is also against the executors and against the trustees of the "Stephen E. and George S. Theodore Family Trust." In each case the petitioner sought a determination that the trust was "void as to her rights to share as . . . [the testator's] widow in his estate." The cases were heard together and a final decree was entered in each favorable to the petitioner. The cases are here on the respondents' appeals. The judge made a report of material facts and the evidence is reported.

We state the pertinent facts contained in the judge's report, although some of these facts do not appear to us to be supported by the evidence. The testator and the petitioner, his second wife, were married in February, 1951. The respondents are the two sons of the testator "by his first wife," from whom he was divorced. After the testator's marriage to the petitioner they lived together for a few months and "were thereupon embroiled in domestic litigation." They separated in June, 1952, and on July 1, 1952, she filed a petition for separate support, obtaining an order for temporary support. "[T]here were many probate court proceedings between them thereafter; with increasing orders for her support."

"The records of the Registry of Deeds show that on October 1, 1952, the . . . [testator] executed a Declaration of Trust, naming himself as trustee and giving to himself complete control as such trustee for his sole benefit during his lifetime, with full powers to him alone, to revoke, amend or alter it; that . . . by an amendment he named his two sons . . . as succeeding trustees . . . ."

"That on April 5, 1956, he executed another Declaration of Trust identified as the 'Stephen E. and George S. Theodore Family Trust' by which he also reserved only to himself full control with full powers for his sole benefit during his lifetime."

The testator "never had any real or personal property or money standing in his name individually after he executed the first trust on October 1, 1952. All real estate . . . [was] handled as an asset only of some trust."

"Although he executed a will on August 29, 1964, while on his death bed, he left no assets of any kind which could operate under that will."

The "numerous Notices of Claims" filed against the testator's estate "clearly show that he handled his assets to defraud other creditors as well as his wife." [1]

The petitioner contends that the trusts "*were* mere '*shams*,' were '*colorable*' and were *attempted testamentary dispositions created* by . . . [the testator] solely with the intent to hinder, delay and *to defraud the petitioner* . . . and are therefore void as to her." She argues that her contentions are supported by the evidence that the trusts were established after she had separated from the testator, that the testator "was the trustee and sole beneficiary" of the trusts and that after the creation of the trusts the testator "never had any assets standing in his name individually." She asserts that these facts "compel as the only inferences" her aforementioned contentions.

We do not agree. The evidence showed that the "Theodore Family Trust" held two parcels of real estate granted to it by one Joseph P. Derrane, "[b]eing the same premises conveyed to . . . [Derrane] by deed of Anastasia Theodorides," and that the "Stephen E. and George S. Theodore Family Trust" held three parcels of real estate conveyed to it by the testator *as trustee* of another trust, the "Stephen and George Realty Trust." The "Stephen and George Realty Trust" received the three parcels from one Demetrios E. Theodore, who in turn received them from one "Anastasia Theodore." There was no evidence of any prior conveyance or transfer of any of the property by the testator to Demetrios E. Theodore or Anastasia Theodorides or that the testator had previously owned any of the property. There was no evidence of any consideration flowing from the testator to any of the previous owners of the property.

---

[1] We have examined the "numerous Notices of Claims" and do not think that the conclusion reached by the judge was justified. Some of these claims appear to be in connection with the real estate, title to which was in the trusts.

The Massachusetts cases relied upon by the petitioner are clearly distinguishable from the instant cases. All of them concerned a conveyance of property by the husband. See *Livermore* v. *Boutelle*, 11 Gray, 217; *Chase* v. *Chase*, 105 Mass. 385; *Fiske* v. *Fiske*, 173 Mass. 413; *Shepherd* v. *Shepherd*, 196 Mass. 179; *Kerwin* v. *Donaghy*, 317 Mass. 559. Here the petitioner failed to prove any transfer or conveyance, fraudulent or otherwise, direct or indirect, by the testator of his property to the trusts. We are of opinion that the case of *Seaman* v. *Harmon*, 192 Mass. 5, is controlling.

The final decrees are reversed and the cases are remanded to the Probate Court where decrees are to be entered dismissing the petitions. Costs and expenses are to be in the discretion of the Probate Court.

*So ordered.*