HELEN D. HOWLAND, executrix & trustee, *vs.* JESSIE E.
CORSON & others.

Bristol.    June 23, 1909. — September 9, 1909.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Power.    Devise and Legacy.*

A married woman, living apart from her husband, had very little property except
her interest in a trust settlement, whereby $5,500 was deposited for her benefit,
from the income of which she was paid $250 semiannually during her life with
a provision that on her death the trust should terminate and all the funds then
held in trust should be paid by the trustees to such persons, or disposed of in
such manner, as she should by her last will direct.    Ten days after the execution
of the deed creating this trust, the beneficiary made a will, and two years later
she died, while still living apart from her husband.    Her only near relation was
a sister named J.    Her will, after providing for the payment of her funeral
expenses, for the return to her sister J. and to two friends of various articles
which she had received as gifts from them respectively, and making gifts of
personal articles to her cousin S. and to one of the friends, contained the
following clauses : " Seventh : After the payment of my just debts, expenses of
funeral, cremation and burial and the administration of my estate and the
delivery of the specific bequests hereinbefore given, the remainder of the money,
securities or deposits belonging to my estate, I ask shall be held in trust by my
said executrix during the lifetime of my said cousin S., and during the continu-
ance of said trust the net income received therefrom shall, from time to time.
and at least semi-annually be paid to my said cousin for her own personal use
and free from all interference or control of her husband.    Upon the decease of
my said cousin, S., said trust shall terminate, and said trust estate shall then
revert to my general estate and be paid to my said sister J. as hereinafter
provided.    Eighth : All articles of personal property belonging to me at my
decease, which are not herein specifically bequeathed or designated, to be held
in trust, and all right, title and interest, if any, which I may have in any real
estate at my decease, I give, devise and bequeath to my said sister, J., and upon
the termination of said trust the net amount then remaining of said trust estate,
shall also be delivered and paid to my said sister, who shall receive, hold, enjoy
and dispose of the same as her own individual property, free from the control
and interference of her husband, and shall hold the same to her, her heirs
and assigns forever."    *Held,* that the seventh and eighth clauses, quoted above,
formed together the residuary clause of the will, which executed the testamen-
tary power under the deed of trust and was applicable to all the kinds of property
named in each of the clauses ; that, accordingly, the income of the fund created
by the trust settlement was to be paid to the testatrix's cousin S. for her own
personal use and free from all interference of her husband during her life, and
that upon her death the fund was to be paid over to the testatrix's sister J., her
heirs or assigns.

BILL IN EQUITY, filed in the Supreme Judicial Court on
January 18, 1909, by the executrix of the will of Mary E.

Howland, late of New Bedford, who also was trustee thereunder, for instructions.

The bill was as follows:

" 1. Mary E. Howland, late of said New Bedford, died testate on March 25, 1907, and her last will and testament dated April 14, 1905, was duly allowed by the Probate Court of the County of Bristol by a decree entered on June 21, 1907, from which decree an appeal was taken, and the decree was affirmed by this court on November 12, 1907.

" 2. The plaintiff is the duly appointed and qualified executrix of said will and also trustee under the seventh clause thereof.

" 3. The defendants Jessie E. Corson and Susan A. Gilbert are the legatees named in the seventh and eighth clauses of said will. The defendant Barker C. Howland, the surviving husband of the testatrix, claims to be the present owner of the interest of the legatee Susan A. Gilbert in the bequest under the seventh clause of said will by virtue of an assignment from her to him.

" 4. The seventh and eighth clauses of said will are as follows, to wit :

" ' Seventh. After the payment of my just debts, expenses of funeral, cremation and burial and the administration of my estate and the delivery of the specific bequests hereinbefore given the remainder of the money securities or deposits belonging to my estate, I ask shall be held in trust by my said executrix during the lifetime of my cousin Susan A. Gilbert, and during the continuance of said trust the net income received therefrom shall, from time to time, and at least semi-annually, be paid to my said cousin for her own personal use and free from all interference'or control of her husband.

" ' Upon the decease of my said cousin, Susan A. Gilbert, said trust shall terminate and said trust shall then revert to my general estate and be paid to my said sister, Jessie E. Corson, as hereinafter provided.

" ' Eighth. All articles of personal property belonging to me at my decease, which are not herein specifically bequeathed or designated to be held in trust, and all right, title and interest, if any, which I may have in any real estate at my decease, I give, devise and bequeath to my said sister, Jessie E. Corson, and upon

the termination of said trust, the net amount then remaining of said trust estate shall also be delivered and paid to my said sister, who shall receive, hold, enjoy and dispose of the same as her own individual property, free from the control and interference of her husband, and shall hold the same to her and her heirs and assigns forever.'

" 5. Ten days before the execution of said will, to wit, on April 4, 1905, an instrument of trust of that date was entered into by and between Barker C. Howland and the said Mary E. Howland, his wife, and William C. Parker and James L. Gillingham, trustees. The said husband and wife were then, and for some time previous thereto had been, living apart ; and they continued to live apart thereafter up to the time of Mrs. Howland's decease. By the provisions of said instrument, a trust fund of $5,500 was created, from the principal of which and the interest thereon semiannual payments of $250 each were to be made to Mrs. Howland. And a general power of appointment of the trust fund by will was given to Mrs. Howland by the trust instrument as follows :

" ' That in the event of the death of said Mary E. Howland while these trusts remain in force, thereupon said trusts shall terminate and all said funds then held in trust shall be paid by said trustees to such persons, or disposed of in such manner, as the said Mary E. Howland shall by her last will direct. In the event of the said Mary E. Howland dying intestate the said fund shall then be paid said Barker C. Howland.'

" By the agreement of the parties to the trust instrument a promissory note for the sum of $5,500, dated April 4, 1907, payable to the said trustees on demand, with interest at the rate of five per cent per annum, signed by Sarah C. Howland, and indorsed by said Barker C. Howland, was substituted for the cash payment of $5,500 provided for in the trust instrument.

" 6. After the affirmance by this court of the decree of the Probate Court admitting said will to probate, an action at law was brought in the Superior Court, by the plaintiff as executrix of said will against the trustees named in the trust instrument to recover the fund, upon the ground that the will operated as an execution of said power of appointment, and therefore the exec-

utrix was entitled to the fund ; and it was so held by this court on appeal from the judgment of the Superior Court in said action. *Howland* v. *Parker*, 200 Mass. 204.

"It was said by the court, 'We are of opinion that the fund passes under the eighth clause if it does not pass under the seventh clause;' and also, 'The question whether the fund passed under the seventh or eighth clause is a question which should be decided in a suit in which the legatees named in those two clauses are parties. Upon that question we express no opinion now. As we have said, the executrix is entitled to the fund, whichever way that question is answered.'

"Upon said decision the fund was paid over to the plaintiff as executrix of the will.

"7. The plaintiff is in doubt whether the testatrix by her will intended to include this fund in the personal property designated in the seventh clause to be held in trust by the executrix or in the residue of the personal property bequeathed by the eighth clause.

"Wherefore the plaintiff prays the instructions of this honorable court upon the question whether the fund passed under the seventh clause or the eighth clause of said will, and for such other and further instructions and decrees in the premises as the nature of the case may require or as to your honors may seem meet."

A copy of the will of Mary E. Howland was made a part of the bill. The bequests which preceded the seventh and eighth clauses quoted in the bill were as follows:

"First. After my decease I request that my sister Jessie E. Corson at the expense of my estate shall have the direction of my funeral and shall cause my body to be cremated and my ashes to be buried beside the body of my mother in the burial lot in Riverside Cemetery in this said County.

"Second. I give and bequeath to my said sister, Jessie E. Corson, as specific legacies the various articles which I have received from her as gifts and which shall be possessed by me at my decease.

"Third. I give, devise and bequeath to my said sister, Jessie E. Corson, my right and title in the burial lot in said Riverside Cemetery in which lot are buried the bodies of my father and

mother, to have and to hold the same to her and her heirs and assigns forever.

" Fourth. I give and bequeath to my friend, Helen D. Howland of Boston, Massachusetts, as specific legacies, the various articles which I have received from her as gifts and which shall be possessed by me at my decease.

" Fifth. I give and bequeath to my cousin, Susan A. Gilbert of said New Bedford, as specific legacies, such articles of personal property belonging to me, not including money or articles of jewelry which may be upon the premises wherein she lives at my decease, and also my wearing apparel but not including articles of jewelry, wherever such apparel may be at my decease.

" Sixth. I give and bequeath to my friend Lucy G. Booth of Newton, Massachusetts, as specific legacies, the various articles which I have received from her as gifts and also my diamond ring, such ring being the largest bowed and containing the largest diamond of the two rings belonging to me."

The case came on to be heard before *Rugg*, J., upon the bill and answers and certain agreed facts, which are stated in substance in the opinion. The justice, at the request of all the parties, reserved the case for determination by the full court, such decree to be entered as law and justice might require.

The case was submitted on briefs.

*E. J. Hadley*, for the defendant Corson.

*W. B. Perry*, *L. W. Jenney & G. H. Potter*, for the defendants Gilbert and Howland.

HAMMOND, J. In *Howland v. Parker*, 200 Mass. 204, it was adjudged that by her will the plaintiff's testatrix made a valid execution of her power under the trust deed. It was said that in that action it was unnecessary to decide whether this execution was found in the seventh or eighth clause, since, if found in either the plaintiff in that action had made out a case; and it was further said that " The question whether the trust fund passed under the seventh or eighth clause . . . should be decided in a suit in which the legatees named in those two clauses are parties," and the court declined at that time to express an opinion upon that question. This present suit calls for an adjudication upon the question thus left open in the preceding case.

It becomes necessary to look into the whole will and the circumstances under which it was made. The case is before us upon certain agreed facts and evidence (so far as material), with the right in the court to draw all proper inferences of facts. The facts agreed and the proper inferences show that the circumstances were substantially as follows:

The testatrix, Mary E. Howland, and her husband had not lived harmoniously together, and on or about February 25, 1905, " she voluntarily left his bed and board with the declared intention never to return thereto, although requested by him to do so," and on April 4, 1905, she still living apart from her husband, the trust deed was duly executed. Ten days afterwards she executed the will in question, and on March 25, 1907, she died. At the time she left her husband she had no money, securities or deposits, nor did she have any at the time of the execution of her will except $450 on deposit in a savings bank, which sum was part of the $500 paid to her under the second clause of the trust agreement at its date. She does not seem to have had any issue living at the time the will was made. Nor is it shown that at that time she had any near relative except her sister Jessie E. Corson named in the will. It does not appear that she had resumed marital relations with her husband. It fairly may be inferred that she had some real estate, but the value of it does not appear.

Thus comparatively alone in the world and apparently not possessing much property except her interest under the trust agreement, she proceeds within ten days after the date of the agreement to make her will. She directs that the expenses of her funeral, cremation and burial shall be paid from her estate. In the second clause she gives to her sister Jessie as specific legacies " the various articles which I have received from her as gifts and which shall be possessed by me at my decease," and by the third clause, her right in a burial lot. In the fourth clause she gives to her friend Helen D. Howland, as specific legacies, " the various articles which I have received from her as gifts and which shall be possessed by me at my decease." In the fifth clause she gives to her cousin Susan A. Gilbert, " as specific legacies, such articles of personal property belonging to me, not including money or articles of jewelry which may be upon the

premises wherein she lives at my decease, and also my wearing apparel but not including articles of jewelry, wherever such apparel may be at my decease." In the sixth item she gives to her friend Lucy G. Booth as specific legacies, "the various articles which I have received from her as gifts," and also one of the two diamond rings of the testatrix.

Up to this time she has provided for the payment of her just debts, funeral and burial expenses, and for the delivery to her friends of certain articles specifically named. Her mind comes now to the consideration of what shall be done with the rest of her estate. While the disposition is contained in clauses separately numbered as the seventh and eighth, we are of opinion that the residuary character is applicable to both, and that in substance and legal effect they form together the real residuary clause intended by the testator. She had finished the enumeration of specific articles. There was something more to be disposed of, consisting of the money in the bank and the money securities in the trust fund over which she had the power of appointment on the one hand and such articles of personal property as had not been specifically bequeathed or designated to be held in trust, together with some real estate, on the other. She proceeds to divide the residue into two parts, one of which, namely, the "money securities and deposits," she puts in trust for the life of her cousin Susan, with remainder to her sister Jessie, and the other part, namely, the articles of personal property, with her real estate, she gives to her sister Jessie. The phrase "articles of personal property," found in the eighth clause, is very inappropriate to designate the money in the bank and the trust fund, while the phrase "the remainder of the money securities or deposits," found in the seventh clause, describes the money in the bank and the trust property with substantial precision. In each clause the personal property therein bequeathed is described as belonging to the testator's estate. It already has been decided by this court that it sufficiently appears that the language of the will, considered in the light of the circumstances under which it was made, indicates the clear intention of the testatrix to execute her power under the trust deed. Upon further consideration of the case we think, as before stated, that both clauses are part of one and the same residuary clause, and

that, as thus construed, the residuary characteristic is as applicable to the particular kind of property named in the seventh as to that named in the eighth clause; and that in each appears the intent of the testatrix to exercise the power given to her under the trust deed so far as material to the kind of property therein described. It follows that by the will the net income of the fund created by the trust agreement was to be paid to her cousin Susan A. Gilbert for her own personal use and free from all interference of her husband.

It appears that Susan's interest in the fund has been assigned to Barker C. Howland, who was the husband of the testatrix; and we do not understand that the validity of that assignment is contested. It follows that the plaintiff as executrix and trustee is to hold the fund in trust to pay the net income to Barker C. Howland during the life of Susan A. Gilbert, and upon the death of Susan to pay over the fund to the sister, Jessie E. Corson, her heirs or assigns.

*Decree accordingly.*